UTICA,
August, 1829.

Haight
v.
Holley.

---

### B. and H. E. Haight *vs.* Holley.

Whatever is necessarily understood, intended and implied in a plea is traversable, as much as if it were expressly alleged. Thus, where to a plea of two suits pending for the same cause of action, the plaintiff replied that at the time of commencement of the suit in which the plea was interposed there was not another suit pending for the same cause of action, the replication was held to be good.

Where an issue of fact on a plea in abatement is found against the defendant, the judgment is final, and not a *respondeas ouster*.

The pendency of two suits, for the same cause of action, cannot be pleaded in abatement of each other, unless commenced at the same time.

In an action of debt against a sheriff for an escape, in which an issue of fact is joined on a plea in abatement, a *tam quam* clause is not necessary to authorize the assessment of damages.

Under our present mode of drawing and summoning juries, no defects in the *venire*, or irregularity in the issuing or return of it, will affect the judgment of the proceedings at the trial.

THIS was an action of *debt* against a sheriff for the escape of a defendant in execution, tried at the Columbia circuit, in April, 1828, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The declaration set forth a judgment in favor of the plaintiffs against William Badgley for $1184,40, the issuing of a ca. sa., the arrest of the defendant in the execution, and his escape on the 7th September, 1827. The defendant *pleaded in abatement* that on the *seventh* day of September, 1827, the plaintiffs sued out a capias against the defendant, tested 18th August, 1827, returnable on the third Monday of October then next, the *ac etiam* in which was to answer the plaintiffs in debt for the escape of William Badgley; and that on the *tenth* day of September, they sued out another capias precisely like the first; that the causes of action mentioned in the first and second writs are the same as those declared on; and that both suits are now pending, wherefore he prayed judgment of the declaration, &c. The plaintiffs replied, that at the time of the commencement of this suit, there was not another suit pending in favor of the plaintiffs against the defendant for the cause of action set forth in the declaration, concluding to the country, and praying judgment.

On the trial the defendant produced certified copies of the two writs of *capias* set forth in his plea; one of which had an endorsement on it purporting that the defendant was arrested on the *seventh* day of September, 1827; the other had an endorsement on it that it was received by the coroner on the *tenth* day of the same month; and both appeared to have been filed in the clerk's office on the eighteenth day of October, 1827. On this evidence the defendant rested.

On the part of the plaintiffs, it was proved that two writs were issued; one on the *sixth*, and the other on the *tenth* day of September, 1827, for two several escapes from imprisonment on the same execution, and that the declaration in this cause was for the escape for which the first writ was issued. That after the declaration was served, the plaintiffs' attornies, at the request of the defendant's attorney, informed him in writing that they had declared in the first suit for the first escape. This evidence was received by the judge, although objected to by the defendant's counsel. The jury, under the direction of the judge, found a verdict for the plaintiffs.

UTICA,
August, 1829.

Haight
v.
Holley.

The plaintiffs' counsel then prayed that the damages might be assessed by the jury, to which the counsel for the defendant objected, because a venire had not been issued for the assessment of damages, and because that which had been issued had not been delivered to the coroner until the first day of the circuit. The venire was a common *venire facias* without a *tam quam* clause. The judge overruled the objection. The defendant then offered to prove that the escape of Badgley was by the procurement of the plaintiffs. This evidence the judge refused to receive; whereupon the plaintiffs produced the record of judgment in the original cause, and proved the payment to the defendant of $19, 69, his fees on the *ca. sa.* The jury found for the plaintiffs for $1184,40 debt, and assessed the damages at $19,69, subject to the opinion of this court.

*Morris*, for plaintiffs. The *parol* evidence given by the plaintiffs and received by the judge was in support of the replication, and therefore proper. A *tam quam* clause was unnecessary in a case like this. (6 Cowen, 48.) Since the change in the mode of designating and summoning petit jurors, there is no longer a necessity for the venire being delivered a certain number of days previous to the circuit. Had it been in fact delivered to the *coroner* in this case, he had not the power to summon or return a jury different from that drawn for the circuit. If defective, it may be amended after verdict. (4 Cowen, 550.) In 7 Cowen, 509, the court say, that under the change effected relative to the summoning of jurors, a *venire* appears to be useless; and in 1 Wendell, 115, it is said to be a mere form, and that the omission to issue it is cured by the statute of *jeofails*. A writ of inquiry was not necessary, nor is the defendant entitled to judgment of *respondeas ouster*. (6 Cowen, 48. 1 East, 544. 2 Wils. 367. Bacon's Abr. tit. Abatement, O. P.)

*D. B. Tallmadge*, for defendant. The plea is good. (Bacon's Abr. tit. Abatement, m. 24, I. 14, b.) The replication is bad; it does not traverse a single fact alleged in the plea. The plea is proved, and the replication is proved, and the consequence is, that there has been a mis-trial. The plain-

tiff could not enlarge the subject of pleading. (Stephen on Pleading, 259, 279.)

The plaintiffs were not at liberty to shew that there were two escapes; but having established the fact, they shewed that this suit could not be maintained, allowing it to have been brought for the first escape. The second suit for an escape from imprisonment on the same execution was an election to consider the defendant in execution in custody, and a wavier of the first escape.

If the plaintiffs are entitled to judgment, all they can ask is a *respondeas ouster.* Had the plaintiffs demurred, and had the demurrer been decided for them, such would have been the judgment. The plaintiffs going to trial on a question of fact confers no rights upon them, nor deprives the defendant of any he possessed. A party cannot, by his course of pleading, deprive his adversary of his legal rights. The only replication which could properly be interposed was that of *nul tiel record.* Having chosen, instead of demurring to plead over, the plaintiffs were in fault, and therefore there should be judgment of *respondeas ouster.* Even after plea *puis darrein,* such judgment may be rendered. (11 Mass. R. 124. 18 Johns, R. 137.) A plea in abatement does not confess the facts like a plea in bar, which confesses and avoids. (Stephen, 71.) The defendant hopes for judgment in his favor, at all events for judgment of *respondeas ouster.*

*C. Bushnell,* in reply. The information given in writing as to the cause of action declared on, was equivalent to a bill of particulars. The plaintiffs would have been held to it on the trial. The evidence in relation to it was therefore admissible.

It has been held that the commencement of a suit is a wavier of the right to elect to consider a party in custody; but it has never been decided that the commencement of a subsequent suit is a wavier of a former suit. A subsequent suit does not abate a former suit. (1 Wheaton, 217. 1 Chitty, 443. 2 id. 467.)

The plaintiffs had a right to consider the defendant's plea as a plea of a prior suit pending, to take issue upon its substance, and give legal effect to it ; for it is a rule of pleading, that whatever is necessarily understood, intended and implied, is traversable as much as if it were expressly alleged. (1 Chitty, 586. 2 Saund. 10, n. 14. 11 East, 406. 1 Ld. Raym. 39.) If the defendant did not approve of this course, he might have demurred. According to this construction of the plea, had the issue been found for the defendant, the plaintiffs would have been entiled to judgment *non obstante veredicto.*

*By the Court,* MARCY, J. The statute regulating the drawing and summoning juries, has made the jury process almost a matter of mere form ; and in civil cases no defects in the *venire,* or irregularity in the issuing or return of it, will be now permitted to affect a judgment, or the proceedings at the trial. Even if the ancient strictness were adhered to, I do not consider the objection that the venire did not contain a *tam quam* cause, well founded. The case did not require such *venire.* (6 Cowen, 48. 1 Wendell, 115.) The plea was defective, and, strictly construed, did not interpose any matter of defence. The pendency of two suits for the same cause of action, cannot be pleaded in abatement of each other, unless they were commenced at the same time. Where two suits are commenced for the same cause of action at different times, the pendency of the former may be pleaded in abatement of the latter. The plaintiffs chose to consider the plea as tendering an issue of a former suit pending, and the replication puts that fact in issue.

The defendant contends that judgment cannot be rightfully entered against him, because he sustained at the trial the truth of his plea. He proved that two suits were pending against him by the plaintiffs for the escape of Badgely, but he did not shew that they were for the same escape ; and the plaintiffs shewed that the second suit was commenced after the escape for which the first was brought. It is not strictly true, therefore, that the defendant fully established every allegation and fact stated in his plea. The plaintiffs insist that

they had a right to consider the plea good, and to imply and traverse what would make it so, to wit, the pendancy of a former suit. The cases in 11 East, 406, and 1 Ld. Raym. 39, seem to warrant this position. In the case reported by Lord Raymond, the action was for the escape of a prisoner, and the plea was a *recaption*, which was undoubtedly bad without alleging a *detention*. The plaintiff put in issue the recaption and detention. The defendant demurred to the replication, because the plaintiff had included in his traverse matter not alleged in the plea. The plaintiff had judgment upon this demurrer. This decision, as Lord Ellenborough says, in remarking on that case, " must have proceeded upon the ground that the detention of the prisoner was virtually implied in the plea, and the plaintiff might therefore include it in his traverse."

It was urged, on the argument, that if there was a judgment against the defendant, it should be a *respondeas ouster*. The rule is, when the judgment is on demurrer, it is a *respondeas ouster*, but where the issue of fact on a plea in abatement is found against the defendant, the judgment is final. The issue here having been found for the plaintiffs, judgment must be final.

Judgment final for plaintiffs.