ALEXANDER MacROBERTS AND WILLIAM NESBIT *vs.* ALVIN EASTMAN.

Where the defendant pleads in abatement the mis-joinder of the plaintiffs, the plaintiffs hold the affirmative and must begin.

An agent may bind an undisclosed principal, and may so negotiate for him as to make him a party to a contract without naming him.

Where issue is joined upon a plea in abatement, and the decision is adverse to the plea—whether *interlocutory* judgment should be entered and plaintiff's damages be *subsequently* assessed, *quere.*

*Saginaw Circuit, in Chancery.*

[This case was decided prior to the adoption, by the Supreme Court, of the recent rule as to pleas in abatement.]—REP.

*Grout & Hanchett*, for Plaintiffs.

*Sweet & Foote*, for Defendant.

*By the Court*, SUTHERLAND, J.—This is an action of assumpsit,

and the defendant pleads in abatement the misjoinder of the plaintiffs.

On this issue the plaintiffs hold the affirmative and must begin, *Davis vs. Evans,* 6 *Car. & P.,* 619. The direction on the trial was different, but neither party suffered any prejudice.

The contract sued upon was a verbal contract, negotiated by an agent, (Grout,) or by MacRoberts, one of the plaintiffs. The time and circumstances satisfy me it was conclued with Grout. He had written instructions which clearly import that both plaintiffs were in fact to be interested in the transactions. Grout testifies very confidently that in the negotiation with the defendant, he disclosed to defendant that MacRoberts was not the only person concerned, but did not disclose who else was represented by him. This is denied by the defendant. The fact whether there was such a disclosure or not is immaterial. An agent may bind an undisclosed principal, and may so negotiate for him as to make him a party to a contract without naming him. *Taintor vs. Pendergrast,* 3 *Hill.* 72; *Hogan vs. Sherb,* 24 *Wend.,* 458; *Grogan vs. Wade,* 2 *Starkie;* 443.

It therefore being shown that the plaintiffs were partners, and the contract in question made for them, they were entitled to sue on it jointly, and the defendant's plea is untrue.

Judgment final must therefore be rendered in favor of the plaintiffs for their damages to be assessed. *Green's Pr.,* 161; 3 *Wend.,* 258; 6 *Id.,* 649; 19 *Id.,* 527; 2 *Wils.,* 367.

The question has arisen in my consideration of the case, whether interlocutory judgment may be rendered for the plaintiffs and damages be subsequently assessed, and then final judgment rendered.

In *Eechern vs. Le Maitre,* 2 *Wils.,* 367, this course was not permitted, but for a reason which has now ceased to have any force, namely, the loss of the remedy by attaint for a false or erroneous verdict. In *Haight vs. Holley,* 3 *Wend.,* 258, after the jury had determined the fact in issue on the plea in favor of the plaintiff, he proceeded before the same jury to assess damages. In *Clement vs. Lewis,* 7 *Eng. C. L. R.,* 740, judgment final or an inquisition of damages was reversed, because the jury that tried the issue on the pleadings had not assessed the damages. This occurred in 1822, though it was suggested that the writ of attaint had been obsolete for nearly two centuries.

GRIFFIS et. al. v. STODDARD, et. al.

The practice of setting aside verdicts upon motion had superseded the harsh remedy against the jury, and Blackstone had seen but few instances of attaint in the books later than the 16th century.— 3 Black. Com., 405. But it was not abolished until the reign of Geo. IV. New Am. Cyclo., title Attaint.

Where the question of the amount of damages arises with the question of the right to damages, they should undoubtedly be decided together in one verdict or decision, but if the inquiry in respect to the amount follows the decision of the right, or may follow it as the subject of a second finding, especially if conducted before the Court without a jury, there is great propriety in allowing it at a different time to suit the convenience of parties. To do so there should be an interlocutory judgment to proceed upon. The plaintiffs, at their option, may adopt that course in this case.