35 455
16ap623

ISAAC HAMBURGER AND OTHERS, RESPONDENTS; *v.* ORLANDO B. BAKER, APPELLANT.

*Action against a non-resident — when a defendant answering generally does not subject himself to the jurisdiction of the court — pleas in abatement and pleas in bar may now be joined.*

The summons in this action was served upon the defendant in the State of Virginia. An answer, verified by himself, was served by R. L. Harrison, who subscribed it as "attorney for defendant." The first defense in the answer alleged that the defendant was not at the time of the commencement of the action or the service of the answer a resident of the State of New York, and that he had no property therein, and had not been served with a summons therein.

*Held*, that as the facts showing that the court had no jurisdiction over the

defendant did not appear from the face of the complaint the defendant properly set them up in his answer, and that the service of such answer so subscribed by his attorney could not be regarded as a general appearance rendering him amenable to the jurisdiction of the court.

The answer contained other separate defenses to the action.

*Held,* that the old rule preventing a defendant from joining a plea in abatement with one in bar was no longer in force, and that the addition of the other defenses to the first did not prevent the defendant from insisting upon the latter.

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury directed by the court.

*Robert L. Harrison,* for the appellant.

*Ferdinand Kurzman,* for the respondents.

DANIELS, J. :

The summons for the commencement of this action was served upon the defendant at Portsmouth in the State of Virginia. An answer verified by himself, was served by Robert L. Harrison, who subscribed it as " attorney for defendant." This answer was regarded by the court as a general appearance in the action rendering the defendant amenable to its jurisdiction. And that ordinarily would be the effect of the service of an answer under section 421 of the Code of Civil Procedure. But it was not in this instance, for by this answer the defendant alleged that he was not at the time of the commencement of the suit, or at the time of serving his answer, a resident of the State of New York, and that he had no property and had not been served with a summons in this State. This answer he had the right to make, for if the facts were as they were alleged, then the court had no jurisdiction over his person and acquired none by the service of the summons upon him. (*Shepard* v. *Wright,* decided by this General Term.\*) And where that may be the fact, and it does not appear from the complaint itself, it may be relied upon as a defense by way of answer. (Code Civil Pro., § 488, sub. 1 ; § 498.) And the answer could only be made and served by the defendant appearing and making it in person, or by the employment, and through the intervention of an attorney. Subscribing such an answer therefore, as this was subscribed, was not such an appearance in the action as gave the court jurisdiction over the person of the defendant. And as he had no

---

\* Reported *ante,* page 444

property within the State he could not be proceeded against by way of process of attachment. The proof established the fact that he previously had a demand against the Imperial Fire Insurance Company of London, but the insurance was obtained by him at Norfolk in Virginia, and the loss was payable there, and before this attempt was made to commence a suit the demand itself was assigned by him to another person. And this latter circumstance would have rendered an attachment unavailable as to him even if the demand had been payable by an agency existing in this State. For after the assignment of a chose in action by the debtor, it cannot be seized through the instrumentality of an attachment issued against him. (*Greentree* v. *Rosenstock*, 61 N. Y., 593; *Smith* v. *Longmire*, 24 Hun, 257; *Plympton* v. *Bigelow*, 13 Abb. N. C., 173.)

But after objecting to the jurisdiction of the court as the defendant did upon these statements contained in the answer, he proceeded to add other defenses to the causes of action set forth in the complaint, and that is urged as a waiver of his right to insist upon the defense in the first subdivision of his answer. In this position the plaintiff's counsel might be right if the rules of the preceding practice should be applied to the disposition of the appeal, for under that practice the defendant was not permitted at the same time to plead in abatement, and in bar to the action. (1 Chitty on Plead. [6th Am. ed.], 491.) That practice wholly restricted the defendant to his plea in abatement, and where it was determined against him the plaintiff was entitled to final judgment in the action. (*Haight* v. *Holley*, 3 Wend., 258; *McCartee* v. *Chambers*, 6 id., 649.) But it was one of the designs of the Code to materially change the rules of pleading as they had previously existed, and for that purpose it provided for but one answer and authorized the defendant to set forth in it as many defenses or counter-claims, or both, as he should have (Code Civil Pro., § 507.) And as the matters alleged in the first subdivision of his answer were fully authorized by way of defense, by the preceding sections which have been referred to, this section permitted him to add to that defense as many others as he deemed himself to be entitled to insist upon. And in presenting them by way of answer he was in no manner either expressly, or by any implication, required to abandon the effect of the facts relied upon to show that the court had no jurisdiction over him. The rule of

the preceding practice in this manner was changed, for it no longer restricted the defendant to a defense which might be presented by way of abatement, but allowed him in conjunction with that defense to present any others which might be regarded as appropriate defenses to the action. And such was considered the effect of the change in *Sweet* v. *Tuttle* (4 Kernan, 465), where this point was presented and disposed of in this manner by the court.

The learned judge therefore was in error in holding, as seems to have been done at the trial, that the defendant had waived or lost his right to insist upon the want of jurisdiction of the court over him, by these additions made to his answer, first alleging the facts requisite to present that defense. And the judgment should be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.