### ROWAN v. SUSSDORFF.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

1. EVIDENCE (§ 113*)—VALUE OF PROPERTY—ADMISSIBILITY.

One suing for the killing of his dog may not, to prove the value of the dog, testify as to whether he had placed any value on the dog before the killing, and at what price he was willing to sell the dog.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

---

2. EVIDENCE (§ 543*)—VALUE—OPINION EVIDENCE—COMPETENCY OF WITNESS.
   One who has not qualified to testify to the value of property is not competent to testify as an expert to value thereof.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

3. ANIMALS (§§ 2, 44*)—DOGS—"PROPERTY."
   A dog is "property," and the destruction thereof without justification entitles the owner to nominal damages at least.

   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 2, 115; Dec. Dig. §§ 2, 44.*

   For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

4. TRESPASS (§ 10*)—TRESPASS TO REAL ESTATE—DAMAGES.
   Where defendant came on plaintiff's land and shot his dog, plaintiff was entitled to recover for the trespass on the land, though the dog was valueless.

   [Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 8, 12; Dec. Dig. § 10.*]

5. NEW TRIAL (§ 88*)—SURPRISE—ABSENCE OF EVIDENCE.
   Where plaintiff asked for a continuance to enable him to procure testimony justifying substantial damages, and asked a withdrawal of a juror on the ground that his proof was not at hand, the vacation of an order of dismissal on condition that plaintiff shall pay a trial fee and disbursements of the trial was proper.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 176; Dec. Dig. § 88.*]

6. ABATEMENT AND REVIVAL (§ 6*)—PENDING ACTIONS.
   The pendency of two actions for the same cause of action cannot be pleaded in abatement, unless they were begun simultaneously, and, when begun at different times, the pendency of the former may alone be pleaded in abatement of the latter.

   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 32–34; Dec. Dig. § 6.*]

Appeal from Trial Term, Kings County.

Action by Edward Rowan against William H. Sussdorff. From an order vacating an order dismissing the complaint and the judgment thereon, and restoring the cause to the calendar for trial, defendant appeals. Modified and affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Adelbert W. Boynton, for appellant.
William J. Martin, for respondent.

JENKS, P. J. This is an appeal from an order at Trial Term that vacates an order for the dismissal of the complaint, the judgment thereon, and restores the cause to the calendar for trial. The plaintiff complains that the defendant came upon his lands and killed his dog. The defendant answers that he killed the dog in protection of himself and of his household. The learned Trial Term in its opinion says that the nonsuit rested entirely upon failure to prove the value of the dog, and that it thinks it erred in the exclusion of cer-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain testimony as to value. But we think the learned court did not err at the trial.

[1] The questions addressed to the plaintiff and excluded were whether he had any value that he placed on the dog before the shooting, and at what price he was willing to sell the dog. Neither of these questions went to elicit the value of the dog as property.

[2] The plaintiff was also asked what was the value of the dog, if he could state it, but this question was objected to properly in that the witness had not been qualified. We think, however, that this order may be sustained.

[3] A dog is property (Mullaly v. People, 86 N. Y. 365), and the destruction thereof without justification would entitle the owner to nominal damages at least, and therefore to a submission of his case to the jury (Van Rensselaer v. Jewett, 2 N. Y. 135, 51 Am. Dec. 275; Nilsson v. De Haven, 47 App. Div. 537–541, 62 N. Y. Supp. 506, affirmed 168 N. Y. 656, 61 N. E. 1131).

[4] Moreover, even if this dog was valueless, there was a trespass upon the land of the plaintiff for which the plaintiff was entitled to a verdict. Gibbons v. Van Alstyne, 9 N. Y. Supp. 156.[1]

[5] While it is true that a judgment will not be reversed in order to afford the recovery of nominal damages, yet this is not a case where it appears that only nominal damages can be recovered, for a reading of the record shows that the plaintiff was temporarily unable to produce proof of value, and asked both a continuance and then a withdrawal of a juror because his proof was not at hand. I think, then, that the order of the court may be upheld. See T. H. E. Co. v. D. L. I. Co., 144 N. Y. at page 49, 39 N. E. at page 7.

[6] The respondent showed that immediately after the said dismissal, and on the same day, the plaintiff took out a summons in the Municipal Court, Second District, City of New York, for the same cause of action, which was then pending. But the pendency of the two actions cannot be pleaded in abatement unless they were begun simultaneously. When begun at different times, the pendency of the former may be pleaded in abatement of the latter. Haight v. Holley, 3 Wend. 258; Nicholl v. Mason, 21 Wend. 339; Renner v. Marshall, 1 Wheat. 215, 4 L. Ed. 74.

The order must be modified by providing that the plaintiff must pay a trial fee and the disbursements of the trial, and as so modified is affirmed, without costs. All concur.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 639.