WILL LAIR and Another, Plaintiffs, *v.* GRACE T. GRANT and Others, Comprising the Board of Education of the So-called Central School District No. 1 of the Towns of Northampton and Mayfield, Fulton County; Edinburgh, Saratoga County; and Hope, Hamilton County; and FRANK P. GRAVES, Commissioner of Education of the State of New York, Defendants.

Supreme Court, Fulton County, December 14, 1929.

*Wesley H. Maider* [*F. Law Comstock* of counsel], for the plaintiffs.

*T. Cuthell Calderwood,* for the defendants.

BREWSTER, J. There is no statutory sanction for the bringing of this action. (*Brooks* v. *Wyman,* 220 App. Div. 204; affd., 246 N. Y. 534.)

No cause of action is stated by the allegations that complain of irregularity or omission in the proceedings whereby the consolidation under article 6-B of the Education Law (added by Laws of 1914, chap. 55) was effected, because as to these matters an appeal to the Commissioner of Education is the exclusive remedy. (Education Law, § 890, subds. 6, 7; *Welker* v. *Lathrop,* 210 N. Y. 434; *People ex rel. Bd. of Education* v. *Finley,* 211 id. 51; *Bullock* v. *Cooley,* 225 id. 566, 577; *Lewis* v. *Smith,* 109 Misc. 694; affd., 190 App. Div. 884.)

The gist of any cause of action stated is the alleged unconstitutionality of the statute, Education Law (Art. 6-B, added by Laws of 1914, chap. 55). I doubt that the complaint here is sufficient to raise such an issue. The rule seems to be that " It is only when some person attempts to resist the operation of the act ' and calls in the aid of the judicial power to pronounce it void as to him, his property or his rights, that the objection of unconstitutionality can be presented and sustained.' " (*People* v. *Brooklyn, F. & C. I. R. Co.,* 89 N. Y. 75, 93.) Accurately stated, the plaintiffs are not here resisting the operation of the act but rather they are making upon it an initial and voluntary attack. There is here no action or proceeding moving against them, their property or rights by virtue of the act, wherein by resistance thereto they invoke the court to pronounce its invalidity. Instead, they have initiated this suit in equity to test the validity of the general act. This premise also discloses the existence of an adequate remedy at law whereby, in resisting the collection of taxes plaintiffs could determine the validity of the statute they question.

Generally speaking, public bodies and officers may be restrained in equity from proceeding in violation of law to the injury of individual rights, at the suit of the individual injured. But a clear showing of the existence of the individual right and actual or inevitable injury is essential to move a court of equity to exercise its jurisdiction. (*People* v. *Canal Board,* 55 N. Y. 390.) It seems to me that the complaint here fails in its statement of facts to show a material and actual injury whereof equity will take cognizance. No facts are pleaded here showing damage or detri-

ment to plaintiffs because of the consolidation. There is no charge that their taxes have been or will inevitably be increased. They still have a voice as citizens in the government of the affairs of their school district, in the central district as well as in the existing district where they resided prior to the creation of the former. (Education Law, § 193.) " Injury, material and actual, not fanciful or theoretical, or merely possible, must be shown as the necessary or probable results of the action sought to be restrained." (*People* v. *Canal Board, supra,* at 397.) See, also, *People ex rel. Simpson* v. *Wells,* 99 App. Div. 364.)

While, for the reasons above expressed, it may not be necessary to pass directly upon the constitutional question, I am, however, willing to record my opinion here that it is valid. The power of the Legislature in school matters is plenary. It has been made so by the mandate of the People. (N. Y. Const. art. 9, §§ 1, 2.) The challenged statute pertains entirely to matters of school administration and policy. Acts of that nature far more drastic and arbitrary in a prescribed mode of reforming districts have been upheld. An act authorizing a reformation of school districts by the mere fiat of a district superintendent and without vote or consent by the taxable inhabitants or officers of the abolished district has been upheld. (*Bullock* v. *Cooley,* 225 N. Y. 566.)

I, therefore, grant defendants' motion for a dismissal of the complaint, without costs.

Submit order.