NEW YORK LEAGUE FOR THE SEPARATION OF CHURCH AND STATE, a Corporation, Plaintiff, *v.* FRANK P. GRAVES, as Commissioner of Education of the State of New York, and SIENA COLLEGE, a Corporation, Defendants.

Supreme Court, Special Term, Albany County, February 15, 1939.

*Joseph Wheless*, in person, and for the plaintiff.

*Ernest E. Cole* [*Charles A. Brind, Jr.*, of counsel], for the defendant Frank P. Graves, as Commissioner of Education of the State of New York.

*William A. Glavin* and *John J. Glavin* [*Robert E. Whalen, John R. Titus* and *Edwin M. Shultes, 3d*, of counsel], for the defendant St. Bernardine of Siena College, sued as Siena College.

*Charles J. Tobin*, for the New York Catholic Welfare Committee, *amicus curiæ*.

SCHENCK, J.   Plaintiff corporation sues for a permanent injunction, and has moved for a temporary injunction order, restraining defendant Graves, as Commissioner of Education, from permitting defendant Siena College to use Chancellor's Hall, the auditorium in the State Education Building, on February 15, 1939, for a lecture, illustrated by moving pictures, advertised to be delivered by the Rev. Bernard H. Hubbard, a Jesuit missionary, known as "The Arctic Priest." At the beginning of the argument, plaintiff's attorney, Joseph Wheless, asked to be added as a party plaintiff and, no objection being made thereto, the order to be entered hereon will provide accordingly. It should also correct the name of the corporation defendant which, as appears by the answering affidavit of the Deputy Commissioner of Education, is St. Bernardine of Siena College.

To maintain this action, plaintiff corporation invokes the denominational school clause of the State Constitution (Art. 11, § 4)

and subdivision 4 of section 455 of the Education Law, the latter being obviously inapplicable. From the complaint, the allegations of which for the purposes of these motions are to be taken as true (*Nevins, Inc.,* v. *Kasmach,* 279 N. Y. 323, 325), it appears:

The corporate defendant, hereinafter designated as Siena College, is an educational corporation, not a part of the public school system of the State, but a religious educational institution which is wholly under the direction and control of a denominational religious organization and in which denominational doctrines and tenets are taught. The proceeds of the admission fees to be charged for the lecture, which will be under the exclusive control of a religious sect or organization and for which the defendant Graves, as Commissioner of Education, has issued a permit, will be applied for the benefit of such religious sect or organization. Over written protests of certain unidentified persons, the Commissioner of Education, on several previous occasions, has granted similar permits for the use of Chancellor's Hall to Siena College and others and will continue to do so unless restrained by this court. The complaint is devoid of any allegation of individual injury or special damage, sustained or threatened, peculiar to the corporate plaintiff.

In the answering affidavit of the Deputy Commissioner of Education it is averred that Siena College, incorporated June 17, 1938, by the Board of Regents of the University of the State of New York for the purpose of maintaining and operating " a college for the promotion and dissemination of higher education in the arts and sciences," stated, in its application for the permit in question, that the subject of the scientific and educational lecture to be delivered in Chancellor's Hall will be " Cliff Dwellers of the Far North."

By the common law of England any wrongful use of the property of the Crown was subject to redress " merely on the intimation of the King's officer, the Attorney General." (3 Black. Comm. 261.) For more than a century it has been the settled law of this State that where no direct individual injury peculiar to plaintiff is shown, no action against a public officer can be maintained by a citizen on the ground that his interests as a member of the State have been impaired or disturbed, since no one can assume the role of champion of the community. (*Lansing* v. *Smith,* 8 Cow. 146, 156; *Smith* v. *Lockwood,* 13 Barb. 209, 217; *Doolittle* v. *Supervisors of Broome County,* 18 N. Y. 155, 157, 163; *Roosevelt* v. *Draper,* 23 id. 318, 323, 324; *Schieffelin* v. *Komfort,* 212 id. 520, 530, 534, 535.) An action by a private corporation is governed by the same rule. (*Empire City Subway Co.* v. *B. & S. A. R. R. Co.,* 87 Hun, 279, 282, 283: affd., 159 N. Y. 555.)

It was to change the rule, so far as it related to actions against municipal corporations or officers thereof, that the maintenance

of a taxpayer's action was authorized by statute. (*Rogers* v. *O'Brien*, 153 N. Y. 357, 362.) But for two reasons this action may not be maintained by the corporate plaintiff as a taxpayer: It does not purport to sue in that capacity; and a taxpayer's action may not be maintained against the State or an officer thereof. (*County of Albany* v. *Hooker*, 204 N. Y. 1, 18.)

In the case last cited the complaint was dismissed for want of legal capacity in the plaintiff to sue; and the Appellate Division in this Department has held that a complaint which does not show that the plaintiff has the requisite interest to enable him to maintain his action should be dismissed for insufficiency. (*Atkins* v. *West*, 222 App. Div. 308, 309.)

Accordingly, it becomes unnecessary to consider the other questions raised by the respective parties.

An order may be prepared denying, with ten dollars costs, the motion for a temporary injunction, and directing the entry of judgment dismissing the complaint upon the merits, with costs to defendants, each of whom is entitled to tax a separate bill of costs.