GOLD SOUND, INC., et al., Plaintiffs, *v.* CITY OF NEW YORK, et al., Defendants.

Supreme Court, Special Term, New York County, May 3, 1949.

*John P. McGrath,* Corporation Counsel (*Pauline K. Berger* of counsel), for defendants.

*Henry Epstein, Sydney C. Winton* and *Daniel P. Hays* for plaintiffs.

VALENTE, J. This is a motion by the defendants under subdivision 5 of rule 106 of the Rules of Civil Practice to dismiss the complaint in an action for a declaratory judgment and a permanent injunction on the ground that the complaint does not allege sufficient facts to constitute a cause of action. The plaintiffs, except the plaintiff Jerome Gold, who are engaged in the business of renting " sound trucks " and manufacturing and selling " sound trucks " and amplifying devices and equipment, respectively, seek to have adjudged invalid as unconstitutional and to enjoin the enforcement of Local Law No. 64 of 1948 of the City of New York (Administrative Code of City of New York, § 435–6.0) which purposes to regulate the use of mechanically amplified sound upon and adjacent to public streets, parks and places.

The issue tendered by the plaintiffs in their complaint is the constitutionality of the New York City " sound truck " local law which, they allege, is unconstitutional since it prohibits the use of sound amplification for commercial purposes and since the licensing provisions of the ordinance, by conferring discretionary powers upon the defendant police commissioner, violate the constitutional protection to the plaintiffs' right of free speech.

In support of the present motion to dismiss the complaint for insufficiency as a matter of law, the defendants advance the plea that the statute under consideration is a valid local law insofar as it bars the use of sound trucks in the public streets for commercial and business advertising purposes, that it was enacted to insure safety and convenience of the people of the city in their use of the public streets and to protect the public health and welfare as well as the peace and comfort of neighboring inhabitants and that it does not infringe upon any of the constitutional guarantees of freedom of speech or due process. The defend-

ants in aid of their contention cite the leading case of *Valentine* v. *Chrestensen* (316 U. S. 52) wherein the Supreme Court of the United States pointed out that "the streets are proper places for the exercise of the freedom of communicating information and disseminating opinion and that, though the states and municipalities may appropriately regulate the privilege in the public interest, they may not unduly burden or proscribe its employment in these public thoroughfares. We are equally clear that the Constitution imposes no such restraint on government as respects purely commercial advertising. Whether, and to what extent, one may promote or pursue a gainful occupation in the streets, to what extent such activity shall be adjudged a derogation of the public right of user, are matters of legislative judgment." The defendants point out that most recently the highest court of the Nation upheld the constitutionality of section 124 of the New York City Traffic Regulations which prohibits any person from operating a vehicle carrying advertising in or upon any street, except a vehicle carrying advertising connected with the business of the owner. (*Railway Express* v. *New York,* 336 U. S. 106.)

The defendants argue further that the local law in question insofar as it requires a permit for the use of sound amplification on the streets and other places covered by the statute is not violative of the constitutional guarantees so far as noncommercial purposes are concerned, but is a valid exercise of the police power, enacted to assure the safety and convenience of the people of the city in their use of the public streets and to protect their health, peace and comfort. The defendants point out that the plaintiffs do not allege that the law is being administered otherwise than in the fair and nondiscriminatory manner required by the legislative intent expressed in the law. The corporation counsel quotes in his brief from the report of the committee of general welfare of the city council as follows: "It is the legislative intent of this committee that the bill does not give the Police Commissioner the right to deny a permit for the use of sound devices because of the political views of the speaker or his political affiliations, but only for the reasons set forth in the bill."

In support of their position the defendants cite, among other cases, *Cox* v. *New Hampshire* (312 U. S. 569); *People* v. *Nahman* (298 N. Y. 95) and *Kovacs* v. *Cooper* (336 U. S. 77) and supply ample quotations, including the statement of Chief Justice HUGHES in the *Cox* case (*supra*): "Where a restriction of the use of highways * * * is designed to promote the public

convenience in the interest of all, it cannot be disregarded by the attempted exercise of some civil right which. in other circumstances would be entitled to protection.''

The plaintiffs contend that the present local law by placing the right to be heard in the uncontrolled discretion of the police commissioner constitutes a previous restraint upon the right of freedom of speech which is condemned in Saia v. New York (334 U. S. 558) and Kovacs v. Cooper (supra). The plaintiffs point out that proof of an abuse of the power lodged with the defendant commissioner of police need not be established as a requisite for attack on the constitutionality of the law under review, citing Thornhill v. Alabama (310 U. S. 88). While recognizing the salutary rule that the harmless pursuit of a lawful private business on the public streets of New York may be interdicted by the legislative body to put an end to an undesirable invasion of, or interference with, the full and free use of the highways by the people in fulfillment of the public use to which streets are dedicated (Valentine v. Chrestensen, 316 U. S. 52, 54, supra; Good Humor Corp. v. City of New York, 290 N. Y. 312), the plaintiffs assert that the present local law does not represent the legislative adoption of reasonable measures to curb abuses which are general. and difficult to control.

The foregoing arguments put forward by the respective litigants indicate the character of the constitutional objection made by the plaintiffs as well as the reasons which the defendants give in support of the constitutionality and propriety of the statute.

It is true that many times the constitutional question may be disposed of by an analysis of the statute complained of without the establishment, by proof, of a set of facts under the law in question. In the present situation, the court would not be justified in taking judicial notice of concrete situations likely to arise or at least apt to occur under the local law involved in this case.

While commendation must be accorded to the well-prepared and splendidly presented arguments on both sides, the present motion is directed only to the sufficiency of the factual allegations of the complaint. It must therefore await the joinder of issue, at least, before a pronouncement may be made validly on the merits of the legislation or on its lack of merit (See Weiner v. Valentine, 17 N. Y. S. 2d 355).

Where, in an action for a declaratory judgment, a motion is made to dismiss the complaint on the ground of its insufficiency, before service of an answer, '' allegations of fact contained in the complaint are not in issue and the court can determine only

the question of law whether the pleading is sufficient to withstand challenge by demurrer or by its statutory modern substitute, motion to dismiss '' (*Rockland Light and Power Co.* v. *City of New York,* 289 N. Y. 45, 51). The complaint in a declaratory judgment action should not be dismissed as insufficient merely because the facts alleged in the complaint indicate that the plaintiff may not be entitled to a declaration of rights *as the plaintiff claims them to be.* (*Rockland Light and Power Co.* v. *City of New York, supra.*) The test of the sufficiency of a complaint in a declaratory action differs from the test invoked in determining whether, upon the trial, the court in the exercise of its discretion will make a declaratory pronouncement, and a holding concerning the sufficiency of the allegations of the complaint in an action for declaratory judgment does not determine that it would be appropriate upon the trial to grant the relief sought. (*Engel* v. *Engel,* 275 App. Div. 14.)

The complaint alleges that the plaintiffs Gold Sound, Inc., and Edward P. Casey own sound trucks and sound equipment which they rent to customers for a fee and in connection therewith furnish the service of a qualified driver of the truck who operates the sound equipment. The complaint contains the further allegation that plaintiff Jerome Gold owns and operates on the streets of the city of New York a passenger car equipped with a radio set which includes the usual apparatus for the electronic reproduction and amplification of sound. The local law with which this litigation is concerned makes it unlawful for any person to use or operate any sound device or apparatus for commercial and business advertising purposes. The term '' sound device or apparatus '' is defined as any radio, device or apparatus or any device or apparatus for the amplification of any sounds from any radio, phonograph or other sound-making or sound-producing device, or any device or apparatus for the reproduction or amplification of the human voice or other sounds. The law makes it unlawful also for any person to use or operate any sound device or apparatus for other than commercial and business advertising purposes in, on, near or adjacent to any public street, park or place, unless he shall have first obtained a permit to be issued by the police commissioner.

The complaint contains sufficient factual averments setting forth the operation by the plaintiffs Gold Sound, Inc., Edward P. Casey and Jerome Gold of devices and apparatus apparently interdicted by the language of the local law and therefore as to these plaintiffs the motion to dismiss the complaint for insufficiency is denied.

As to the plaintiffs Mark Simpson Manufacturing Co., Inc., and David Bogen Co., Inc., it is alleged that they manufacture and sell sound equipment to purchasers for resale to others for commercial and noncommercial use in the city of New York and to purchasers (such as the other plaintiffs) in the business of leasing such equipment for commercial and noncommercial use in the city of New York. It is further alleged that these plaintiffs sell their sound equipment directly and indirectly to, among others, stores on private property in the city of New York which use said equipment so that it may be heard off the store premises in the immediately adjacent public streets and places; that among such stores are those which sell phonograph records, the sale of which depends largely upon audible public display of recordings by the use of sound equipment so that the sound may be heard by pedestrians upon the street who may be induced thereby to purchase the records in the store. There follows also an allegation that by reason of the enforcement of and threat to enforce the law against the plaintiffs, the market for the sound equipment manufactured by plaintiffs Mark Simpson Manufacturing Co., Inc., and David Bogen Co., Inc., has been drastically curtailed. Even after extending the rule of liberality to its absolute limit, these allegations do not meet the requirement that, in order to contest the constitutionality of a statute or the method of its enforcement, the plaintiff must allege facts indicating that his rights or privileges are restricted, curtailed, destroyed, or directly affected by the provisions of the statute. (*Connelly* v. *Department of Agriculture and Markets,* 162 Misc. 73; *Welling* v. *Buck,* 184 Misc. 322; *Ex-cell-o Corp.* v. *City of Chicago,* 115 F. 2d 627). These plaintiffs allege that they manufacture and sell sound equipment. The law complained of restricts the use and operation of such equipment but does not forbid or restrict its manufacture and sale. Inevitable pecuniary damage is not the test of the sufficiency of plaintiffs' interest. Rather the whole question is whether the damage claimed springs directly to plaintiff from the defendants. If it is incidental, if it is indirect, the court's jurisdiction may not be invoked (*Ex-cell-o Corp.* v. *City of Chicago, supra*). It is well settled that the unconstitutionality of a law may be availed of only by the person directly affected by the alleged unconstitutionality, and that no one can obtain a decision as to the invalidity of a law on the ground that it impairs the rights of others, who are not parties to the action (*Sprout* v. *South Bend,* 277 U. S. 163, 167; *People* v. *Wolf,* 220 App. Div. 71, appeal dismissed 247 N. Y. 189; *People ex rel. Durham R. Corp.* v. *La Fetra,* 230 N. Y. 429, 440; *New York ex rel. Hatch* v. *Reardon,* 204 U. S. 152, 160).

The motion to dismiss the complaint for insufficiency is accordingly denied as to the plaintiffs Gold Sound, Inc., Edward P. Casey, an individual doing business as Edward P. Casey Sound Systems, and Jerome Gold. Motion is granted as to the plaintiffs Mark Simpson Manufacturing Co., Inc., and David Bogen Co., Inc., and the complaint of these plaintiffs is dismissed. Settle order.