CENTRAL WESTCHESTER HUMANE SOCIETY, INC., et al., Plaintiffs, v. HERMAN E. HILLEBOE, as Commissioner of Health of the State of New York, Defendant.

Supreme Court, Special Term, Westchester County, September 22, 1952.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirshowitz of counsel), for defendant.*

*Albert Felix* for plaintiffs.

EAGER, J. This action is one for a declaratory judgment declaring that section 5-a of the Public Health Law, enacted by chapter 96 of the Laws of 1952 and commonly known as the " Metcalf-Hatch Act ", is unconstitutional, and for an injunction restraining defendant Commissioner of Health from acting under the provisions of the statute. Said statute authorizes the Commissioner of Health to requisition in lieu of destruction or intended destruction, animals for scientific tests and experimental use. The animals which may be requisitioned are " unlicensed, unwanted or unclaimed animals which may be seized and impounded pursuant to law by municipalities or by private organizations to which public authority has been delegated by statute or contract. Any animal so requisitioned shall be retained within the pound for at least three days in addition to the period within which it may be claimed by its owner, and if still unclaimed, may then be allocated by the commissioner for experimental use to institutions and laboratories approved under this article for such use ". (Public Health Law, § 5-a.)

This particular motion is one by the defendant to dismiss the first, fourth and fifth causes of action set forth in the complaint herein. The motion is stated to be pursuant to rules 106 and 212 of the Rules of Civil Practice. The particular claim is that the respective plaintiffs pleading said causes have no right of action and that said causes should be dismissed for insufficiency and for lack of capacity in the plaintiffs to sue.

The first cause of action is one in behalf of Central Westchester Humane Society, and alleges that it is a corporation organized to give shelter to dumb animals and that it maintains at its own expense a pound and shelter for homeless dogs, cats and other small animals; that it is deemed the owner of all lost and captured dogs, cats and other animals impounded in its shelter as against the whole world except the true owner thereof; that it entered into a contract with the City of White Plains whereby it was given the right to impound animals running at large, but it appears that the term of such contract expired prior to the commencement of this action; that pursuant to the statute in question and rules promulgated or about to be promulgated thereunder, the defendant intends to requisition animals impounded by the society; that the proposed experimental use of animals pursuant to the statute constitutes cruelty to animals and that it is the purpose and duty of the society to abate such cruelty; and that various of the constitutional rights of the society guaranteed by the Federal Constitution and that of the State of New York are denied the society, including the violation of the due process clauses, the impairment of obligation clauses and other provisions of the Constitutions.

The fourth cause of action is one by a resident and taxpayer of the State, who is the owner of pet cats and who believes in the principles of and is a member of and has made contributions to humane societies. She alleges such status and that, pursuant to the said statute, the commissioner will requisition animals from humane societies and that such requisition will destroy or terminate the societies, which in turn will require municipalities to maintain public pounds at an increased cost to taxpayers; that if plaintiff's cats stray, and if they are impounded and if plaintiff is unable to claim them in the time allowed by law, then they might be requisitioned and used for experimental purposes, pursuant to the statute in question; and that such use would be against plaintiff's consent; and that the statute violates the State and Federal Constitutions. The fifth cause of action is one also alleged by a resident and taxpayer and sets forth that the particular plaintiff is the owner of a number of

licensed dogs, and the cause of action contains allegations in behalf of such plaintiff similar to the allegations contained in the fourth cause and attacks the constitutionality of the statute.

As aforesaid, the complaint, as well as praying for judgment declaring the statute unconstitutional, requests injunctive relief, namely, that the defendant " be restrained and enjoined from requisitioning from plaintiffs and each of them, in lieu of destruction or intended destruction, all animals which may be seized and impounded according to law ". It does not appear from the complaint, however, that the defendant threatens to seize any of the particular animals owned or held by the respective plaintiffs or that any such seizure is contemplated.

The court has arrived at the conclusion that the three causes of action in question must be dismissed as insufficient, in that they fail to show any right of relief in favor of the respective plaintiffs. A careful consideration has been given to the claim of the plaintiffs that they have a direct interest in dogs and cats as owners and otherwise, and that they do possess property rights which should be protected. It is true that an owner of a dog or cat has a qualified property right therein recognized by the State and by the courts. There is no question but that possession of a dog or a cat has been a thing long enjoyed by mankind as useful and pleasant. Dogs, particularly, are of value to their owners, as companions, as valuable aids in hunting, protection of man and property, the tracking down of criminals, and as guides for the blind. They are prized as *objets d'art* — thoroughbreds, winners of blue ribbons, and the mongrel puppies of our childhood. That the ownership of a dog or a cat has some value is shown by the fact that the breeding and selling of such creatures is a form of business enterprise in our present society. That title thereto, though qualified, is recognized as a legal title by our jurisprudence, is shown by the fact that an action will lie for conversion or injury of such an animal, or for replevin of the same. (See *Rowan* v. *Sussdorff*, 147 App. Div. 673; *Smith* v. *Palace Transp. Co.*, 142 Misc. 93; *Kane* v. *Thearl*, 37 Hun 645, digest in 22 N. Y. Week. Dig. 307, and 3 C. J. S., Animals, 1085, 1330.) It has also been held in this State that a dog is the subject of larceny. (See *Mullaly* v. *People*, 86 N. Y. 365.) The property in dogs and cats is, however, as has been said, but a qualified property and the property rights of an owner of such an animal are subject to the police power of the State and the reasonable demands of civilized society. The particular statute claimed to infringe upon such rights is generally regarded as a much needed statute

to aid the advancement of medical science for the well-being of all. The statute seems well written with reasonable safeguards against the taking of any animal contrary to the rights of the owner and looking toward the use of the animals in as humane a manner as possible.

It is not necessary, however, for the court, in reaching a determination of this motion, to pass directly upon the points of constitutionality raised by the plaintiffs. This, because a deficiency in the particular causes of action arises inasmuch as there is no showing that any of the rights of the particular plaintiffs in animals owned or held by them, or other interests of the plaintiffs have been or will be infringed. It is a well-settled rule that, '' Injunctive relief should be addressed only to acts which are ' threatened and imminent ' ''. (*1130 President St. Corp.* v. *Bolton Realty Corp.,* 300 N. Y. 63, 69.) And a clear showing by plaintiff of individual right and actual or likely material injury is essential to move a court to exercise its equitable jurisdiction to grant an injunction. These rules are applied to suits against public officers. (See *Lair* v. *Grant,* 137 Misc. 470, and *People* v. *Canal Board of N. Y.,* 55 N. Y. 390.) Also, it is settled that an action to declare a particular law unconstitutional and invalid will not lie by a person who has no actual and material personal interest in the determination sought. Where a person is not specially and actually affected in his personal or property rights by a particular law, he does not have the right, in the absence of statute, to bring an action questioning the validity of the law. (See *Schieffelin* v. *Komfort,* 212 N. Y. 520; *New York League for Separation of Church and State* v. *Graves,* 170 Misc. 196; *Gold Sound* v. *City of N. Y.,* 195 Misc. 291; *Bull* v. *Stichman,* 189 Misc. 597, affd. 273 App. Div. 311, affd. 298 N. Y. 516; *Jeffrey Mfg. Co.* v. *Blagg,* 235 U. S. 571, 576; *Hoffman* v. *O'Brien,* 88 F. Supp. 490, affd. 339 U. S. 955, and *National Maritime Union of America* v. *Herzog,* 78 F. Supp. 146, affd. 334 U. S. 854.) In *Schieffelin* v. *Komfort* (*supra*) the court held (pp. 530, 533): '' The jurisdiction to declare an act of the legislature unconstitutional arises because it is the province and duty of the judicial department of government to declare the law in the determination of the individual rights of the parties. * * * The clear weight of authority in this state is against the alleged power and authority of the courts to pass upon the constitutionality of a statute except in an action or proceeding in behalf of a person whose special, peculiar personal rights are affected thereby.'' And in *New York League for Separation of Church and State*

v. *Graves* (*supra,* p. 198) the general rule is thusly stated, to wit: "For more than a century it has been the settled law of this State that where no direct individual injury peculiar to plaintiff is shown, no action against a public officer can be maintained by a citizen on the ground that his interests as a member of the State have been impaired or disturbed, since no one can assume the role of champion of the community. [Citing many cases.]" The fact that plaintiff is a taxpayer and citizen of the State does not give him any standing, in the absence of statute, to have the courts pass upon the constitutionality of a particular law of the State. (See *Schieffelin* v. *Komfort, supra; Dorsey* v. *Stuyvesant Town Corp.,* 299 N. Y. 512; *New York League for Separation of Church and State* v. *Graves, supra; Bull* v. *Stichman, supra,* and also same case, 189 Misc. 590.) Particular allegations to the effect that animals owned or held by the respective plaintiffs *may* be seized pursuant to law and eventually surrendered for scientific experiments contrary to the consent and desires of plaintiffs do not impress this court as showing an interest required for the maintenance of an action attacking the validity of the statute in question. Likewise, the allegations in behalf of the individual plaintiffs that humane societies, such as the one in which a particular plaintiff is a member, will discontinue their operations if required to surrender animals for experimental use, and that as a result thereof municipalities will be required to maintain pounds at public expense, do not give such plaintiffs a standing to maintain this action. Taking the allegations of the respective causes of action as a whole, it is clear that this enactment by the Legislature of the State should not be questioned by persons with so indirect an interest and so remote a stake in their operation as these particular plaintiffs.

The special claim of the plaintiff Central Westchester Humane Society that the cause of action in its behalf is sufficient because it shows that animals seized before the expiration of the contract with the City of White Plains, and in its possession, are subject to requisition is not sound. The law itself did not take effect until July 1, 1952. The contract in question expired on June 30, 1952. The statute, which did not take effect until after the expiration of the contract, specifically provides that the commissioner may requisition "unlicensed, unwanted or unclaimed animals which *may* be seized and impounded pursuant to law by municipalities or by private organizations to which public authority has been delegated by statute or contract". (Italics added by the court.) Thus, to be subject to

be requisitioned for use under the statute, an animal must be one which '' may be seized and impounded '' when the law took effect, namely, on July 1, 1952, for the law should not be held to speak retroactively. The society will not have any animals which are seized or possessed on or after July 1, 1952, for its contract expired before that date. The contention, therefore, that animals now in possession of the society as carried over on the expiration of the contract may be seized and impounded and thereby brought within the class of animals subject to this law is, therefore, too remote a possibility to afford a basis for this action.

Submit order on notice dismissing the first, fourth and fifth causes of action.