Samuel W. Eager, J.
This is an action by a property owner against the City of New Rochelle for declaratory judgment determining that a certain amendment to the city Zoning Ordinance is unconstitutional and void. The plaintiff moves under rule 109 of the Rules of Civil Practice to strike out a certain defense in defendant’s answer and also moves for judgment on the pleadings under rule 112. "Where a motion is made by plaintiff for judgment on the pleadings, it searches the record, and where, as here, the complaint is insufficient upon the face thereof, it is to be dismissed even though defendant has hot expressly so moved or cross-moved. See rule 112 of the Rules of Civil Practice.
The complaint alleges that plaintiff is a resident of the defendant city; that he purchased in 1947, and still is the owner of a certain lot of land situate in the defendant city and that he has duly paid taxes on the same to date; that at the time of his purchase, the property was zoned for business use and within a business district designated as a “ C District ”; that at the time of purchase, the terms of the Zoning Ordinance then in effect did not exclude the use of the property for the sale of used cars; *600 that in- 1947, apparently after plaintiff acquired the property in question, the ordinance was in effect amended to add subdivision (g) to section 2 of article VIII thereof, said section 2 and subdivision (g) reading as follows (omitting other subds.):
“ Section 2. Use: In a 0 District no building or premises shall be used and no building or part of a building shall be erected or altered which is arranged, intended or designed to be used, in whole or in part for any purpose except the following:
* # *
“ (g) The sale of used cars on unimproved lots if approved by the Board of Appeals as hereinafter provided.”
The remaining allegations of the complaint are general and conclusory in nature and ineffective except to state the grounds in law of plaintiff’s claims. These allegations are that by the adoption of the amendment ‘ ‘ the defendant did deprive the plaintiff of the use of his said property without the payment of any compensation therefor and without due process of law ’ ’; that the ordinance is illegal and unconstitutional because “ it is discriminatory, arbitrary, vague, confiscatory, and represents an unlawful delegation of legislative power to an administrative board and that the ordinance violates the Federal and State Constitutions 11 in that it bears no substantial relationship to the health, safety, morals or general welfare of the community and imposes restrictions on the use of private property that are unnecessary and unreasonable ”. Finally, there is the general allegation “ that plaintiff has no adequate remedy at law ”.
There is no showing in this complaint that the plaintiff’s lot is unimproved and that he has applied to the Board of Appeals for the approval of the use of the lot in the sale of used cars. In the absence of such a showing and a further allegation of facts establishing that the board has unreasonably refused its approval to plaintiff’s damage, this action attacking the validity of this particular amendment to the ordinance would not lie. (See People v. Calvar Corp., 286 N. Y. 419; Holy Sepulchre Cemetary v. Town of Greece, 191 Misc. 241.)
It is further clear that the application of basic general rules require the dismissal of this complaint. The plaintiff in his .memorandum submitted on the motion, says that the action is one for a declaratory judgment, and it is apparent that plaintiff intended to state a cause of action to obtain a declaration upon the validity of the ordinance in question. The complaint, however, is completely lacking in essential allegations of fact necessary to a cause of action for a declaratory judgment. In the first place, there are no facts alleged showing an existing, justi *601 ciable controversy between the parties. A showing of facts establishing such a controversy is the very basis upon which the complaint in such an action rests. Absent such showing, the complaint in an action for declaratory judgment should be dismissed. (See Robert E. Tompkins, Inc. v. Security Trust Co., 277 App. Div. 1090; Purdy v. City of Newburgh, 113 N. Y. S. 2d 376; Catalano v. State of New York, 202 Misc. 135.)
Here, all plaintiff in effect alleges, is that the defendant city has enacted an amendment of its Zoning Ordinance which further restricts the use of property in a certain district in which plaintiff owns certain premises and that the plaintiff claims that the amendment is invalid for certain reasons. Such is not the showing of a justiciable controversy sufficient as the basis of a declaratory judgment action.
In the second place, no facts whatever are alleged in this complaint to show that plaintiff or his property is especially affected by the amendment to the ordinance in question, or that he is sustaining any pecuniary loss by reason thereof. So far as the complaint is concerned, the plaintiff sues merely as a resident and taxpayer of the city and as the owner of property situate within the particular district to which the Zoning Ordinance amendment applies. Such status gives the plaintiff no right of action to attack the amendment. (See Schief elin v. Komfort, 212 N. Y. 520; New York League for Separation of Church and State v. Graves, 170 Misc. 196; Gold Sound v. City of New York, 195 Misc. 291; Bull v. Stichman, 189 Misc. 597, affd. 273 App. Div. 311, affd. 298 N. Y. 516; Jeffrey Mfg. Co. v. Blagg, 235 U. S. 571, 576; Hoffman v. O’Brien, 88 F. Supp. 490, affd. 339 U. S. 955; National Maritime Union of America v. Herzog, 78 F. Supp. 146, affd. 334 U. S. 854; Central Westchester Humane Soc. v. Hilleboe, 202 Misc. 881.)
In the absence of special allegations showing that a property owner is aggrieved he has no right of action to attack the validity of a Zoning Ordinance. In fact it would seem that the plaintiff attacking a Zoning Ordinance upon the ground that it deprives him of property without due process and without payment of just compensation would be required in his complaint to go further than merely to show that he is aggrieved. This, because it is the general rule that11 To sustain an attack upon the validity of the ordinance an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions upon his property preclude its use for any purpose to which it is reasonably adapted”. (Arverne Bay Const. Co. v. Thatcher, 278 N. Y. 222, 226.)
Submit on notice order dismissing complaint.