HEIM v. McCALL et al.

(Supreme Court, Special Term, New York County.   December 8, 1914.)

1. MUNICIPAL CORPORATIONS (§ 124*)—EMPLOYMENT OF LABOR—PUBLIC IM-
   PROVEMENTS—LABOR LAW.
       Labor Law (Consol. Laws, c. 31) § 14, requiring employment of citi-
   zens of the United States on public works, was not rendered inapplicable
   to contracts for subway construction by the Rapid Transit Act of 1891
   (Laws 1891, c. 4) and its amendments, permitting the making of contracts
   with the Interborough Company and the New York Municipal Railway
   Corporation, whereby such corporations contributed to the building of
   subways, on the theory that such contracts thereby became contracts for
   construction by private corporations.
       [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
   290–297;  Dec. Dig. § 124.*]

2. ALIENS (§ 4*)—TREATIES (§ 8*)—CONSTRUCTION—PROTECTION OF RIGHTS
   —CITIZENS. ,
       Labor Law (Consol. Laws, c. 31) § 14, providing for the employment of
   citizens only on all public improvements, constituted a proper exercise of
   state policy, and was not violative of constitutional or treaty rights of
   aliens.
       [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 4;  Dec. Dig. § 4;*
   Treaties, Cent. Dig. § 8;  Dec. Dig. § 8.*]

Action by William E. Heim against Edward E. McCall and others,
as members of and constituting the Public Service Commission for the
First District of the State of New York.   On demurrer to complaint.
Sustained.

Thomas F. Conway, of New York City, for plaintiff.
George S. Coleman, of New York City, for Public Service Commis-
sion for First District.
Jeremiah A. O'Leary, of New York City, for John Gill, amicus
curiæ.
Edward M. & Paul Grout, of New York City, for Contractors' Ass'n.

NEWBURGER, J.   This is an application to restrain the defend-
ants, constituting the Public Service Commission, from forfeiting con-
tracts made by them with certain contractors for the building of por-
tions of the new subway lines in this city.   The plaintiff brings this
action as a taxpayer, claiming that the threatened action will result in
great loss to the city.   It is unnecessary at this time to refer to the
history of the legislation and negotiations that resulted in the defend-
ants' finally awarding a number of contracts for the building of the
new subways.   In all of such contracts it was provided that the con-
tractor would comply with the requirements of section 14 of the Labor
Law, and on a failure to do so the contract should be void.   Not only
is this a part of the contract, but is contained in the invitation to bid-
ders.   All of such contracts are being performed.   It appears that each
of the contractors has employed and now employs large numbers of
laborers and mechanics, residents of the city, but who are not citizens
of the United States or state of New York, but are subjects of the
king of Italy.   It being conceded that under the contracts the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ants have the power to declare the same void upon the failure of a contractor to carry out its terms, the court is asked to determine in this proceeding the constitutionality of section 14 of the Labor Law. This section provides that:

"In the construction of public works by the state or a municipality, or by persons contracting with the state or such municipality, only citizens of the United States shall be employed; and in all cases where laborers are employed on any such public works, preference shall be given citizens of the state of New York. In each contract for the construction of public works a provision shall be inserted, to the effect that, if the provisions of this section are not complied with, the contract shall be void."

[1] The objection by the plaintiff that the statute cannot be enforced against the contractors because by the provisions of the Rapid Transit Act of 1891 and the amendments permitting the making of the contracts with the Interborough Company and the New York Municipal Railway Corporation, whereby the said corporations contributed towards the building of the subways, made them contracts for construction by private corporations, is, in my opinion, untenable. As was said by Mr. Justice Harlan in Atkin v. Kansas, 191 U. S. 222, 24 Sup. Ct. 127, 48 L. Ed. 148:

"Whether done by the state directly or by one of its instrumentalities, the work was of a public, not private, character."

[2] It is further claimed that the provisions of the Labor Law in regard to the employment of aliens were not only unconstitutional, but were in violation of treaty rights, as it restricted the field of labor of such foreigners. I do not think that the cases cited pass upon this question. As was said by Chief Judge Cullen in People v. Orange County Road Const. Co., 175 N. Y. 84, 67 N. E. 129, 65 L. R. A. 33:

"If the state itself prosecutes a work, it may dictate every detail of the service required in its performance, prescribing the wages of workmen, their hours of labor; and the particular individuals who may be employed, no such right exists where it has let out the performance of the work to a contractor, unless it is reserved by the contract."

In this case the contract reserved the right in the city to compel the enforcement of the provision of the Labor Law as to the individuals the contractors were to employ. As was also said by Mr. Justice Harlan in Atkin v. Kansas, 191 U. S. at pages 222, 223, 24 Sup. Ct. 127, 48 L. Ed. 148:

"It cannot be deemed a part of the liberty of any contractor that he be allowed to do public work in any mode he may choose to adopt, without regard to the wishes of the state. On the contrary, it belongs to the state, as the guardian and trustee for its people, and having control of its affairs, to prescribe the conditions upon which it will permit public work to be done on its behalf, or on behalf of its municipalities. No court has authority to review its action in that respect. Regulations on this subject suggest only considerations of public policy; and with such considerations the courts have no concern."

I have examined the cases cited on the briefs submitted, and while most of them refer to the right to limit the hours of labor, yet the same reasoning must of necessity apply to the question of the right of the Legislature to provide what laborers shall be employed upon

public works. The contractors had full knowledge of what was required of them, and in making their estimates knew that they were compelled only to employ citizens. Can it be said that the position taken by the state differs from that of an individual who provides a certain test in determining the class of persons to employ, as preferring persons over or under certain ages to others. If, therefore, the state has the same right in conducting its business that an individual has, it seems to me that the Legislature had a perfect right to enact section 14 of the Labor Law, and it does not violate any rights of any alien under the existing treaties. Where a statute admits of two constructions, one of which will make the act in violation of the Constitution and by the other of which the act can be sustained as a proper exercise of legislative power, that construction should be given which assumes that the Legislature was mindful of its constitutional limitations, and passed a constitutional and not an unconstitutional act. See People v. Ringe, 197 N. Y. at page 150, 90 N. E. 451, 27 L. R. A. (N. S.) 528, 18 Ann. Cas. 474.

For these reasons, the demurrer interposed must be sustained, and the application for an injunction pendente lite must be denied. Settle order on notice. The order may provide for a stay pending an appeal.