MARIA L. FLYNN, as Administratrix of the Estate of JOHN E. FLYNN, Deceased, Appellant, *v.* LONG ISLAND RAILROAD COMPANY, Respondent.

Argued October 21, 1942; decided December 3, 1942.

*Samuel Sumner Goldberg* for appellant. It was error to dismiss the complaint as there was no evidence to sustain the holding that decedent was guilty of contributory negligence. Plaintiff's *prima facie* case required submission to the jury. (*Faber* v. *City of New York*, 213 N. Y. 411; *Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 131; *Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233; *Massoth* v. *Delaware & Hudson Canal Co.*, 64 N. Y. 524; *Rague* v. *Staten Island Coach Co.*, 288 N. Y. 206; *Stackus* v. *N. Y. C. & H. R. R. R.*, *Co.*, 79 N. Y. 464; *Seyford* v. *Southern Pacific Co.*, 216 N. Y. 613; *Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343; *Horton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38; *Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345; *Cooperstein* v. *Eden Brick & Supply Co.*, 238 N. Y. 200; *Kettle* v. *Turl*, 162 N. Y. 255; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224; *Lent* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 467.)

*Ralph E. Hemstreet* and *Louis J. Carruthers* for respondent. The decedent was guilty of contributory negligence as a matter of law. (*McCall* v. *N. Y. C. R. R. Co.*, 54 N. Y. 642; *Brickell* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 290; *Crough* v. *N. Y. C. R. R. Co.*, 260 N. Y. 227; *Allen* v. *Erie R. R. Co.*, 244 N. Y. 542; *Schrader* v. *N. Y. C. & St. L. R. R. Co.*, 254 N. Y. 148; *Horton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435.)

FINCH, J. This is an action for wrongful death of plaintiff's ntestate resulting from a railroad crossing accident. The com-

plaint was dismissed at the close of plaintiff's case, presumably upon the ground of contributory negligence on the part of the intestate, and the Appellate Division has unanimously affirmed.

On the morning of September 29, 1939, John E. Flynn, the deceased, was driving his employer's truck westward along Long Island avenue or Brentwood road, as it is also known, near Bayshore, Long Island. This road runs parrallel to a track of the Long Island Railroad, easterly and westerly, for about one mile, and then turns at an angle of about ninety degrees and crosses the track. In the truck with the deceased was his helper, one Scheer, who was sitting on the deceased's right, which was the side nearest the track. The truck was twenty-seven feet long. The cab of the truck was smaller than the body, so that the body of the truck overhung the cab by about twenty inches. When deceased began to make the turn, his truck was only fifty feet from the center of the track. Eyewitnesses to the accident testified that as the deceased's truck proceeded westerly along Brentwood road and came near to the turn, a westbound train approached, going at a very fast rate of speed. Defendant's engineer had failed to signal at the whistling post, located more than 1,300 feet east of the crossing. There is testimony that the engineer did not sound the whistle until the train was only 400 feet from the crossing, at which time the deceased's truck was already at the crossing. Both occupants of the truck were killed in the resulting collision.

The deceased has been held guilty of contributory negligence as a matter of law upon the ground that, as he approached the crossing, he had an unobstructed view of the track at least as far east as the whistling post and that, if he had looked, he would have seen the approaching train in time to avoid the accident. Since the burden of proving contributory negligence in a death action is upon the defendant, and the complaint herein was dismissed at the end of plaintiff's case, we must reverse if any possible hypothesis, based upon plaintiff's evidence, forbids the imputation of fault to the deceased as a matter of law. (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233, 235).

After the truck had made the turn, its occupants, to be sure, had an unobstructed view of the track. But then there was a distance of only about fifty feet in which the driver could stop

his twenty-seven foot truck short of danger. Before the truck made the turn, its occupants could not see a train approaching from the rear because of the overhang of the body of the truck. There is evidence that, as the truck approached the bend in the road and turned at right angles to the track, it was going "very, very, very slow." From this it might be inferred that the occupants of the truck were attempting to ascertain the presence of danger. That they did not take more extraordinary precautions may have been due to the fact that they received no warning of the approach of the train until they had already made the turn. The failure of defendant's engineer to give a timely signal may have justified such a relaxation of watchfulness on the part of the deceased. (*Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44, 47.) It may well be that, having heard no signal at the whistling post, the driver of the truck felt justified in making the turn and, having done so, could not avoid the oncoming train which was proceeding, according to the testimony, at a very fast rate of speed. From this evidence as to the speed of the train, it may be inferred that the train covered the 400 feet between the place where it first sounded its whistle and the crossing in less than five seconds. If the whistle had blown at the whistling post, placed more than thirteen hundred feet distant from the crossing, an appreciable time of apparently fifteen seconds would have elapsed between the time of the warning and the arrival at the crossing, and with such warning the driver might not have made the turn at all. It may not be said as a matter of law that the driver of the truck, confronted with such imminent peril as was present in the case at bar, was negligent in failing to avoid disaster.

Since it is at least reasonably possible to infer from plaintiff's evidence that the deceased met his death despite the exercise of due care on his part, the complaint was improperly dismissed at the close of plaintiff's case.

The judgments appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

LOUGHRAN, RIPPEY, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J. and LEWIS J., dissent.

Judgments reversed, etc.