In the Matter of JOSEPH GOLDSTEIN, Petitioner, against STATE COMMISSION OF CORRECTION, Respondent, and FIORELLO H. LA GUARDIA, as Mayor and as Member of the Board of Estimate of the City of New York, et al., Impleaded Respondents.

Supreme Court, Special Term, Kings County, November 16, 1943.

*Nathaniel L. Goldstein, Attorney-General (William J. Cahill and William F. McNulty of counsel), for State Commission of Correction, respondent.*

*Joseph Goldstein,* petitioner in person.

*Ignatius M. Wilkinson, Corporation Counsel (Charles ·C. Weinstein, Francis J. Bloustein* and *James Hurley* of counsel), for impleaded respondents.

CUFF, J. The respondent, State Commission of Correction, in October, 1942, cited the municipal authorities of the City of New York to. appear before it and show cause why the Raymond Street Jail at Brooklyn, New York, should not be closed. A hearing was held and the Commission decided that the conditions at the jail did not warrant closing it at the time (December 18, 1942). This proceeding seeks to review that decision.

The respondent Commission moves to dismiss the petition for the reason that petitioner lacks capacity to sue.

The Correction Law clothes the respondent, State Commission of Correction, with the duty of supervising all penal institutions. It may even order that a jail be closed. Before that power may be invoked, however, the statute requires that certain procedure be followed. A citation addressed to the executive head of the municipality maintaining the jail must be served and a hearing held. After the hearing the Commission is empowered to order the jail closed. The municipality is given ninety days to comply. Insofar as this proceeding is concerned, the following provision of the statute (Correction Law, § 46, subd. 8) is significant — " during which time [the ninety days] the county, city, town or village [which was cited by the Commission] may review such order by writ of certiorari, in the supreme court." The petitioner herein is not " the county, city, town or village " cited, but is an individual. He was not cited to attend the hearing. The Commission had no power to command his appearance because the statute restricts the Commission's citations to certain designated officials who have charge of jails.

Petitioner characterizes the Commission's proceeding as " pretended " and refers to the hearing as " certain alleged hearings at which the rules of law affecting the rights of the petitioner were violated  *  *  *." Not a party to the Commission's proceeding, petitioner seeks to review the Commission's decision.

Ordinarily, a person not a party to a quasi-judicial proceeding has no right to petition a court for a review of the decision rendered in that proceeding. In this instance, however, the statute expressly reserves for the executive branch of the government responsible for the existence and maintenance of the jail in question, the right to petition the Supreme Court, if

aggrieved by the decision, for an order of certiorari. That means that if the jail is ordered closed by the Commission its order may be reviewed by the court. Unless a closing order is made there can be, naturally, no appeal. That a letter by petitioner to respondent Correction Commission provoked the latter into the action which resulted in the hearing, gives petitioner no greater rights in the premises.

It will be assumed on this motion that the proper allegations of the petition are proved. The court is not considering the merits of the contention of whether Raymond Street Jail is unsafe, unsanitary or inadequate. The motion at bar concerns petitioner's right to sue and nothing more.

It is the claim of petitioner that he has an interest in the correction of the alleged conditions obtaining at Raymond Street Jail because in his capacity as a lawyer he visits the institution in the discharge of his duties to his clients and while there his health is endangered and he subjects himself to the risk of injury. That is an interest common to many. It is lacking in that individualistic interest which the law makes a requisite upon which to rest litigation of this kind. It is founded upon an old rule still being applied. " The rights to be affected must be personal as distinguished from the rights in common with the great body of people." (*Schieffelin* v. *Komfort,* 212 N. Y. 520, 530.) In the leading case on the subject innumerably referred to with approval over the years, *Doolittle* v. *Supervisors of Broome County* (18 N. Y. 155, 160) Denio, J., writing for the court, quotes Blackstone that " it would be unreasonable to multiply suits by giving every man a separate right of action for what damnifies him in common only with the rest of his fellow-citizens." The opinion further points out: " * * * Where there is a question of official discretion, it must be decided by the officers in whom the constitution and laws have vested the discretion. If it be one of jurisdiction, a party who, in common with his fellow-citizens, is menaced by it, must, in respect to his legal remedy, wait until his individual rights are invaded. If the grievance consists in an alleged illegal exercise of official functions, those who question them, if they would have a preventive remedy, must invoke the action of the officer whom the law has appointed to sue in such cases. No private person or number of persons can assume to be the champions of the community, and in its behalf challenge the public officers to meet them in the courts of justice to defend their official acts."

The interest which petitioner alleges is his, will not support this application to review the respondent Correction Commission's decision. Petitioner lacks the legal capacity to maintain this proceeding.

The motion is granted. The petition is dismissed without costs. The motion by petitioner for a jury trial falls.