HENRY A. BULL, Plaintiff, *v.* HERMAN T. STICHMAN et al., Constituting the Emergency Housing Joint Board, et al., Defendants.

Supreme Court, Special Term, Erie County, August 14, 1947.

■

*Charles J. Wick* for Canisius College of Buffalo, defendant.

*Franklin R. Brown* for Metzger Construction Corporation, defendant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and Henry S. Manley* of counsel), for Herman T. Stichman and others, defendants.

*Henry Adsit Bull,* plaintiff in person.

WILLIAMS, J. The defendants have moved to dismiss the complaint and amended complaint on the grounds that the plaintiff has no legal capacity to sue and that neither the complaint nor the amended complaint state facts sufficient to constitute a cause of action.

Paragraph first of said amended complaint is as follows: " That plaintiff is a citizen of the State of New York, paying state and county taxes on real estate which he owns in the Town of Hamburg, where he resides; and also paying state income taxes."

The amended complaint attacks an allocation of the New York State Emergency Housing Joint Board in the amount of $128,000 for a certain project of defendant Canisius College, on the ground that such allocation and the application of such moneys to such project would be, in effect, a gift by the State to a religious institution in violation of section 4 of article IX* of the Constitution of the State of New York and of the Constitution of the United States. Further facts of the amended complaint need not be stated or discussed for the purpose of this decision except to say that the action is of the type generally known and commonly designated as a " taxpayer's action ". The amended complaint prays for a judgment declar-

---

* Although article IX is mentioned in the amended complaint it would appear that article XI was intended by the pleader.

ing the project and any law which may be held to authorize it in violation of the New York State and the United States Constitutions.

The defendants contend that under the well-established law of this State as enunciated from time to time by the courts, an action of this type may not be brought by the plaintiff merely by virtue of the fact that he is a taxpayer of the State of New York, but that he must show that he has a special, material, or personal interest in the determination or result of the action, beyond that of a mere taxpayer.

It seems that there is merit in these contentions. In the leading case on this subject, *Schieffelin* v. *Komfort* (212 N. Y. 520) the history of the right to bring a taxpayer's action against New York State officials is thoroughly considered, analyzed, discussed and determined. In determining that Schieffelin, a taxpayer with no other special or material interest, had no right to bring an action to review the acts of a department of the government of this State, the Court of Appeals re-enunciated, reiterated and reaffirmed the well-established law of this State in plain and definite language, of which the following are quotations:

" There is no other statute expressly permitting an individual taxpayer to sustain an action to test the constitutionality of an act of the legislature without showing that his civil or property rights are specially and particularly affected and in which he demands and is entitled to relief based upon his rights."

(The statute above referred to is section 51 of the General Municipal Law which does not apply to actions against the State.)

" We are of the opinion that there is no inherent power in a court of equity to set aside a statute as unconstitutional except in a controversy between litigants where it is sought to enforce rights or to enjoin, redress or punish wrongs affecting the individual life, liberty or property of one or more of the litigants. The court has no inherent power to right a wrong unless thereby the civil, property or personal rights of the plaintiff in the action or the petitioner in the proceeding are affected.

" The rights to be affected must be personal as distinguished from the rights in common with the great body of people. Jurisdiction has never been directly conferred upon the courts to supervise the acts of other departments of government. The jurisdiction to declare an act of the legislature unconstitutional arises because it is the province and duty of the judicial

department of government to declare the law in the determination of the individual rights of the parties.

" The assumption of jurisdiction in any other case would be an interference by one department of government with another department of government when each is equally independent within the powers conferred upon it by the Constitution itself. (*Matter of Guden,* 171 N. Y. 529.)

" Jurisdiction, being the power to hear and determine, is not given to the courts as guardians of the rights of the people generally against illegal acts of the executive or legislative branches of government. When a controversy arises between litigants, in which controversy the Constitution and an act of the legislature are each invoked and they are in conflict, it is necessary to follow the Constitution which is the supreme law, and ignore the act of the legislature, and thus incidentally and necessarily the courts pass upon an act of a co-ordinate and independent department of government.

" That is the extent of the power of the judiciary over the legislative branch of government." (Pp. 529–530.)

And finally at page 537: " This court has not refrained and will not refrain from declaring a statute unconstitutional when it is asserted in a controversy where the question becomes a judicial one, but we repeat that the courts of this state have denied the right of a citizen and taxpayer to bring before the court for review the acts of another department of government simply because he is one of many such citizens and taxpayers."

There seems to be little doubt from this language and from the determination in the *Schieffelin* case, that a plaintiff may not maintain an action such as this merely because he is a taxpayer and a citizen.

The plaintiff has called attention to *Matter of Kuhn* v. *Curran* (294 N. Y. 207) in which the Court of Appeals passed upon the constitutionality of the proposed creation of a 10th Judicial District, at the instance of a person who had no interest in the matter beyond that of a taxpayer and a citizen. The plaintiff contends that this case in effect changes the rule in the *Schieffelin* case, or at least, that it indicates a trend away from the old inelastic rules and decisions on the subject.

However, in the *Kuhn* case, Judge LEHMAN, writing the prevailing opinion, and apparently with this very question in mind, stated at page 213: " In view of the importance to the public of an authoritative determination of that question at the present time, we do not pause to consider whether the question is presented in appropriate proceedings."

Thus, rather than to overrule or disaffirm the rule of the *Schieffelin* case, the court specifically raised and recognized the rule and then in the interest of immediate justice decided the case, because the application of the existing rule would have been highly inexpedient under the pressing circumstances.

I cannot hold that the *Kuhn* case has overruled the *Schieffelin* case. In my opinion the *Schieffelin* case still voices the law of this State.

Inasmuch as there is nothing in the amended complaint to show that the plaintiff has any interest in this action beyond that of a taxpayer and citizen, it follows that the amended complaint does not state a cause of action and must be dismissed, for it is axiomatic that if the amended complaint shows that the plaintiff has no capacity to sue, then, *ipso facto,* it does not state a cause of action.

One prayer for relief in the original complaint asked for judgment that no further payments be made from State funds and a motion was made by the plaintiff for an order temporarily restraining and enjoining certain of the defendants as State officials from paying for any work done on the project pending the determination of this action.

The motion for the temporary injunction was argued before Mr. Justice BOOKSTEIN, sitting in Supreme Court of Albany County. The decision of Justice BOOKSTEIN was based on the original complaint. The amended complaint was served after the motion and was not considered in the decision and opinion of Justice BOOKSTEIN.

However, the amended complaint changes the original complaint slightly, the main difference being a specific allegation that Canisius College is conducted by Jesuit Priests of the Roman Catholic Church. The prayer for relief is also somewhat, but inconsequentially different. The changes are of no materiality as to the question of plaintiff's right to bring this action.

Thus, Justice BOOKSTEIN, in denying plaintiff's application for a temporary injunction, has passed upon this very question of the right of the plaintiff to bring this action. The injunction was denied on that specific ground. The well-considered opinion of Justice BOOKSTEIN (189 Misc. 590) written July 29, 1947, decided that the complaint failed to state facts sufficient to constitute a cause of action because the plaintiff had no right to sue. The motion to dismiss the complaint was denied by him because under rule 63 of the Rules of Civil Practice such a motion had to be made in Erie County where the venue of the

action was laid, so that while Justice Bookstein denied the injunction because the complaint failed to state facts sufficient to constitute a cause of action, he could not, because of this technical barrier, dismiss the complaint.

Pursuant to this ruling the present motion was noticed in Erie County.

The attorneys for the defendants claim that the decision of Justice Bookstein that plaintiff has no right to sue must be followed by me as the established '' law of the case.'' On the other hand, the plaintiff claims it has no bearing as it was '' obiter dicta.''

Whether or not this finding necessarily establishes the law of the case (which is open to grave doubt), it certainly was not obiter dicta, as Justice Bookstein's finding that plaintiff could not sue was basic in his determination. I do not see, however, that the exact legal effect of that decision is very material, inasmuch as I have decided to dismiss the amended complaint. In any event, I have concluded that Justice Bookstein's opinion very well and correctly states the law as it exists.

The motions of the defendants to dismiss the amended complaint are granted. There is no need of a dismissal of the original complaint as it was supplanted by the amended complaint, which is the only complaint in this action at present.

In view of this determination the constitutional questions raised become academic and are not before this court for determination.

Submit order.