HENRY A. BULL, Appellant, *v.* HERMAN T. STICHMAN et al., Constituting the Emergency Housing Joint Board, et al., Respondents.

Third Department, March 24, 1948.

*Henry Adsit Bull,* appellant in person.

*Charles J. Wick* for Canisius College, respondent.

*Rann, Brown, Sturtevant & Kelly* for Metzger Construction Corp., respondent.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor General,* and *Henry S. Manley, Assistant Attorney-General,* of counsel), for all other respondents.

DEYO, J.   The plaintiff, as a citizen and a taxpayer, seeks a declaratory judgment to the effect that a $128,000 allocation to Canisius College by the Emergency Housing Board is unconsti-

tutional. Justice WILLIAMS dismissed the complaint (189 Misc. 597), on the grounds that the plaintiff, having no special or peculiar interest in the matter other than that common to all taxpayers and citizens, lacked legal capacity to bring the action and hence, that the complaint was insufficient. This is the only question presently before us, and a study of the problem of constitutionality, interesting though it may be, must be deferred.

The leading case on the subject, although there were many earlier ones, is *Doolittle* v. *Supervisors of Broome County* (18 N. Y. 155). There, certain residents and freeholders of the town of Chenango, sought to have an act of the Board of Supervisors creating new townships declared null and void. The court held that such an action would not lie at the instance of persons having no other interest than one common to all freeholders. The court said at pages 162–163: " Every person may legally question the constitutional validity of an act of the legislature which affects his private rights; but if a citizen may maintain an action for such a purpose in respect to his rights as a voter and taxpayer, the courts may regularly be called upon to revise all laws which may be passed. \* \* \* The law does not in my opinion afford an opportunity for excessive litigation. \* \* \* No private person or number of persons can assume to be champions of the community, and in its behalf challenge the public officers to meet them in the courts of justice to defend their official acts.''

This case of course, arose before the enactment of section 51 of the General Municipal Law, which specifically grants a right of action to a taxpayer to prevent any illegal act on the part of an official of any municipality. However, this section does not apply to actions against the State.

The same principle has been steadfastly adhered to in the courts of this State down to the present day. (*Roosevelt* v. *Draper,* 23 N. Y. 318, 323; *Schieffelin* v. *Komfort,* 212 N. Y. 520; *Kuhn* v. *Curran,* 184 Misc. 788; *Matter of Goldstein* v. *State Comm. of Correction,* 182 Misc. 695, 697; *New York League for Separation of Church and State* v. *Graves,* 170 Misc. 196, 198.) The opinion in the *Schieffelin* case (*supra*) contains an exhaustive and illuminating discussion of the earlier cases and the reasons for the rule, stating at page 533: " The clear weight of authority in this state is against the alleged power and authority of the courts to pass upon the constitutionality of a statute except in an action or proceeding in behalf of a person whose special, peculiar personal rights are affected thereby.''

The only semblance of assistance which the plaintiff gets from the reported decisions is found in *Matter of Kuhn* v. *Curran* (294 N. Y. 207) and *Heim* v. *McCall* (88 Misc. 291, revd. 165 App. Div. 449, revd. 214 N. Y. 629, affd. 239 U. S. 175). The *Kuhn* case involved the constitutionality of the act creating the new tenth judicial district. The plaintiff, likewise a lawyer, citizen and taxpayer, first brought an action to declare the statute unconstitutional (184 Misc. 788). Mr. Justice BERGAN held that the action would not lie. Kuhn then brought a mandamus proceeding to require the Secretary of State to disregard the statute as unconstitutional (183 Misc. 942.) Mr. Justice BERGAN spelled out a distinction between this type of proceeding and an action for a declaratory judgment, on the theory that in mandamus the compulsion is exercised at the instance of the people as the sovereign power, moved to act at the suggestion or relation of one of the public, and held that the proceeding could be maintained and that the act was unconstitutional. The Court of Appeals reversed on the merits (294 N. Y. 207), stating at page 213: " In view of the importance to the public of an authoritative determination of that question at the present time, we do not pause to consider whether the question is presented in appropriate proceedings. Sufficient, at present, that a controversy exists between the parties to the proceedings immediately affecting them, and that all parties entitled to be heard in regard to the questions involved are here represented."

The plaintiff contends that since the court ignored the doctrine of the earlier cases in deciding the matter on its merits, the rule requiring a special interest no longer prevails. We cannot agree with this contention. It is quite obvious that the question presented was one which required decision before the ensuing election. For that reason the Attorney-General did not raise the point in the appellate court. The court clearly recognized that fact in its remarks above quoted. It can scarcely be said that the court's purposeful omission to pass upon that issue under the existing circumstances, constituted a reversal of the long line of authority adhering to the rule. Furthermore, the second *Kuhn* case was a proceeding in mandamus rather than an action in equity, and although grave doubts may be entertained as to the soundness of any attempted distinction between the two, it was, nevertheless, made, and arguably at least, could account for the apparent difference in result.

In the *Heim* case the plaintiff, as a taxpayer, sought to enjoin the Public Service Commission from canceling certain contracts for the construction of the New York subway because the con-

tractor had employed aliens contrary to section 14 of the Labor Law, which section the plaintiff claimed was unconstitutional. Mr. Justice NEWBURGER, at Special Term, held the law constitutional and sustained a demurrer without any reference whatever to the capacity of the plaintiff to sue. The Appellate Division (165 App. Div. 449) reversed on the merits, overruled the demurrer and directed judgment for the relief demanded. Concerning the plaintiff's capacity to sue, the court said at pages 451–452: " With regard to the last-mentioned appeal [i.e., Heim's appeal] we are not unmindful of the recent expressions of the Court of Appeals adverse to the maintenance of so-called taxpayers' actions to test the validity of legislative acts. (*Schieffelin* v. *Komfort*, 212 N. Y. 520.) In the present case, however, this objection is not raised by the respondents, and since it is represented to us that the matter is one of great public exigency, as to which all parties interested seem to desire a speedy determination, we have concluded to pass upon the appeal upon its merits.''

The Court of Appeals reversed the decision of the Appellate Division on the merits and affirmed that of the Special Term, holding the statute to be constitutional. There is no reference either in that decision or in the one upon which it was based (*People* v. *Crane*, 214 N. Y. 154), as to the plaintiff's capacity to sue. The United States Supreme Court affirmed (239 U. S. 175, *supra*) again on the merits, saying at pages 186–187: '' There seems to have been no question raised as to the right of Heim to maintain the suit, although he is not one of the contractors nor a laborer of the excluded nationality or citizenship. The Appellate Division felt that there might be objection to the right, under the holding of a cited case. The Court of Appeals, however, made no comment, and we must — certainly may — assume that Heim had a right of suit; and so assuming, we pass to the merits.''

As in the *Kuhn* case, this is indeed scant authority in support of the plaintiff's contention. At best, the case merely holds that if the question of capacity to sue is not raised and the matter is of great public exigency concerning which all parties desire an immediate determination on the merits, the court on its own motion need not inject that issue. Obviously, those factors are not present in the case at bar. Note, too, that the *Heim* case was in the Court of Appeals but a few months after the *Schieffelin* decision, and that five of the same judges sat in both cases. Certainly had they intended a reversal, they would have so stated in clear and explicit language.

From the reported decisions it clearly appears to be the established law of this State that an individual taxpayer is without capacity to maintain an action for a declaratory judgment to test the constitutionality of an act of the Legislature or the activities of State officers thereunder, unless his civil or property rights are specifically and particularly affected thereby. It may very well be, as the cases cited by the plaintiff seem to indicate, that New York represents the minority view in this respect. It may likewise be true that this restriction on the right to bring an action does violence to the democratic process and is, as the plaintiff contends, "the last degenerate surviving fragment of the ancient belief in the divinity of kings." Nevertheless, it is and has consistently been recognized as the law of this State, and as such must be followed until such time as the Court of Appeals holds otherwise or the Legislature takes action.

The plaintiff has not shown any special rights or interests in the matter other than those common to all taxpayers and citizens. A complaint which does not show that the plaintiff has the requisite rights or interests to enable him to maintain his action must be dismissed for insufficiency (*Atkins* v. *West,* 222 App. Div. 308).

Judgment and order dismissing the complaint affirmed, without costs.

Hill, P. J. (dissenting). The complaint in this matter which has been dismissed by the order appealed from alleges, in substance, that the Emergency Joint Housing Board has allocated $128,000 from the appropriation made for emergency housing, to remodel a building belonging to Canisius College, a religious educational institution conducted by Jesuit priests under a charter from the Regents of the State, which in effect is a gift to that institution, the architects' plans disclosing that the State will not be able to remove any additions, appliances or improvements made to this building and that the allocation is, therefore, unconstitutional and outside the scope for which emergency housing funds may be expended.

The only standing which this plaintiff has is that of a citizen and taxpayer without other special interest in the disbursement and application of the millions which have been appropriated by the Legislature. *Doolittle* v. *Supervisors of Broome County* (18 N. Y. 155) and *Schieffelin* v. *Komfort* (212 N. Y. 520) together with many other cases, have required that a plaintiff have a personal and special interest in the subject matter of the action other than that of a simple taxpayer. However, when our court

of last resort has determined that the issue is of unusual importance they at times " do not pause to consider whether the question is presented in appropriate proceedings ". (*Matter of Kuhn* v. *Curran*, 294 N. Y. 207, 213.) A like doctrine is announced in *Heim* v. *McCall* (214 N. Y. 629, affd. 239 U. S. 175). The mounting cost of government, both State and Federal, is of the greatest importance to the public and taxpayers generally. As a member of an intermediate appellate court, I am not ready to close the door on this plaintiff and appellant, but rather believe that he should be permitted to come in and by proven facts present the issue whether this $128,000 disbursement is in fact a gift or a proper disbursement under the emergency housing appropriation.

BREWSTER, FOSTER and RUSSELL, JJ., concur with DEYO, J.; HILL, P. J., dissents, in a memorandum.

Judgment and order affirmed, without costs.