HARVEY STRAUSS, Respondent, v. LUCILLE LEO et al., Defendants, and ALYS ZUKOW, Appellant.— In an action by plaintiff to recover $5,000 from the two corporate defendants and proportionate shares of the $5,000 from the two individual defendants in accordance with the stock interest of each in the corporate defendants, based on an oral agreement made in November, 1939, and a certain writing dated November 3, 1941, plaintiff was granted summary judgment against appellant (one of the individual defendants) on the ground that, even if the writing of November 3, 1941, was without consideration, it may nevertheless be enforced because of the provisions of subdivision 3 of section 33 of the Personal Property Law. Order reversed on the law and the facts, without costs, and plaintiff's motion for summary judgment denied, without costs. An examination of the face of the writing of November 3, 1941, taken in conjunction with the allegations of paragraph twelfth of the complaint, raises a question of fact as to whether the obligation contained in the writing is corporate only or that of the individual signatories, of whom appellant is one. Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ., concur.

■

UNION FREE SCHOOL DISTRICT NO. 14 OF THE TOWN OF HEMPSTEAD, NASSAU COUNTY, Respondent, v. VILLAGE OF HEWLETT BAY PARK et al., Appellants.— In an action for a declaratory judgment and for injunctive relief, order denying motion to dismiss the complaint affirmed, with $10 costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon. No opinion. Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ., concur.

■

SOL J. YASPAN, Respondent v, ROBERT SIEGEL, Appellant.— Appeal from an order denying appellant's motion to vacate a default judgment upon the ground that the summons and complaint in the action were not served upon him. Order affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ., concur.

(March 14, 1951.)

■

In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased. CARL WENTE, Appellant; JOSEPH W. DRAKE et al., Respondents.— Order denying motion of Carl Wente, appearing specially, to set aside purported service of citation on him individually and to dismiss petition as to him in his individual capacity, reversed on the law, without costs, and the motion granted, without costs. The purported service by publication is effective so far as concerns Wente as trustee. It is ineffectual as to Wente as an individual. (Matter of Matheson, 265 N. Y. 81; 2 Scott on Trusts, § 268.) Moreover the petition seeks no relief against Wente individually. Nolan, P. J., Carswell, Adel and MacCrate, JJ., concur; Johnston, J., not voting.