GRACE V. HISCOCK, as Administratix of the Estate of WILLIAM HISCOCK, Deceased, Appellant, v. LONG ISLAND RAIL ROAD COMPANY et al., Respondents.— In an action to recover damages for the death of plaintiff's intestate by reason of the claimed negligence of the defendants in the operation of one of the trains of the defendant railroad at a crossing, plaintiff appeals from a judgment dismissing the complaint at the end of the plaintiff's case. Judgment reversed on the law and new trial granted, with costs to appellant to abide the event. It was for the jury to say whether the defendants were negligent. (*Latourelle* v. *New York Central R. R. Co.*, 301 N. Y. 103.) It was for the jury to appraise the positive and negative testimony. Contributory negligence was not pleaded as a defense (Decedent Estate Law, § 131), and was not established as matter of law. Whether the whistle was blown, or when and how often, could not be determined as matter of law. Aside from the statement of the infant, no one at this trial testified that the bell was ringing. There was negative testimony from which the jury could say it was not. The witnesses who testifed at the coroner's inquest as to the ringing of the bell were not asked at this trial if it was a fact that the bell was ringing, nor did they so testify. It should be noted that if the bell was ringing the jury could not have found it was not a warning because it may have rung needlessly on a prior date. Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ., concur.

■

LILLIAN M. HOWARD, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries suffered by plaintiff when she fell on an alleged defect in the pavement adjacent to a trolley track maintained by defendant, plaintiff appeals from a judgment entered on a verdict in favor of defendant. Judgment unanimously affirmed, with costs. Evidence of the condition found by defendant's track inspector on August 16, 1950, was properly excluded since there was no proof that the condition on that date was the same as existed on May 6, 1950, the date of the accident. Admission of the hospital record of treatment given to plaintiff in 1940 and 1942, while technically erroneous, was not prejudicial. There is no merit to plaintiff's claim that she did not receive a fair trial. Present — Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ. [See *post*, p. 894.]

■

DOROTHY V. HOYT, Respondent, v. INCORPORATED VILLAGE OF CEDARHURST et al., Appellants.— In an action for a judgment declaring a zoning ordinance to be unconstitutional in restricting the use of specific property to residential purposes, judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ.