VERNON PARK REALTY, INC., Respondent, v. CITY OF MOUNT VERNON, Appellant.— Appeal by defendant from a judgment declaring the Zoning Ordinance of the City of Mount Vernon, as amended, to be unconstitutional and void insofar as it affects plaintiff's property. The premises were acquired by plaintiff in 1951 from the New York, New Haven and Hartford Railroad Company and are adjacent to the railroad's station in the city of Mount Vernon. The property had been used for parking for many years; and when the first zoning ordinance was enacted in 1922, the premises were placed in a business zone. In 1927, the zoning ordinance was amended and the property placed in residential districts; and it was so zoned when it was purchased by plaintiff. The use for parking purposes had continued as a nonconforming use under the ordinance. The property has always been surrounded by business buildings and is in the middle of a business district; and it has no value for residential use. In 1952, after the instant action had been instituted to test the constitutionality of the ordinance, insofar as it placed plaintiff's property in residence districts, the zoning ordinance was amended so as to create a new district known as " D. P. D." or Designed Parking District, and plaintiff's property was the only privately owned parcel placed in that district. In such district, property may be used only for parking and storage of automobiles, a service station within the parking building and any use or nonconforming vested use permitted just prior to the classification to " D. P. D." Plaintiff then served an amended complaint, challenging the constitutionality of the 1952 amendment, as well as the 1927 ordinance. The court below held that the ordinance and the amendment were unconstitutional and that the defenses alleged by defendant did not preclude the granting of relief to plaintiff; and judgment was granted in plaintiff's favor. Judgment unanimously affirmed, with costs. On the facts presented, the restrictions on the use of plaintiff's property, imposed by the 1927 ordinance and the 1952 amendment, were so unreasonable and arbitrary as to constitute a taking of plaintiff's property; and the zoning ordinance and the amendment were properly held unconstitutional and void insofar as they affected plaintiff's premises. (*Rockdale Constr. Corp.* v. *Incorporated Vil. of Cedarhurst*, 301 N. Y. 519; *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, 231–232; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Hoyt* v. *Incorporated Vil. of Cedarhurst*, 280 App. Div. 809.) While the need for a parking area may be acute, plaintiff's property may not be taken without compensation, in the guise of regulation, even for a public purpose. (Cf. *Arverne Bay Constr. Co.* v. *Thatcher, supra; Pennsylvania Coal Co.* v. *Mahon*, 260 U. S. 393, 415–416; *Delaware, L. & W. R. R.* v. *Morristown*, 276 U. S. 182, 193–195.) Plaintiff is not precluded from maintaining the action by reason of the fact that it may reconvey the premises to the railroad company if it is unsuccessful in obtaining a change of zoning, or because it purchased the property with knowledge of the zoning restrictions. (Cf. *Union Free School Dist., Hempstead* v. *Village of Hewlett Bay Park*, 198 Misc. 932, affd. 278 App. Div. 706, and *Forbes* v. *Hubbard*, 348 Ill. 166.) The right to test the constitutionality of the zoning ordinance was not waived by long acquiescence therein on the part of plaintiff's predecessor in title (*Forbes* v. *Hubbard, supra*) nor by prior applications for variances (*Baddour* v. *City of Long Beach*, 279 N. Y. 167, 177; *Arverne Bay Constr. Co.* v. *Thatcher, supra*). The sale of the property to the plaintiff was not void and the instant action was not barred merely because the sale had not been approved by the Public Service Commis-

sion. Defendant's other contentions have been considered, and in our opinion, are similarly without merit. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ. [See *post*, p. 958.]