FREDA K. BERGER, Respondent, v. CITY OF NEW YORK et al., Appellants.— In an action to declare unconstitutional a zoning ordinance insofar as it restricts the use of plaintiff's property to residential purposes, defendants appeal from a judgment, rendered after trial, adjudging the ordinance to be unconstitutional. Judgment reversed on the law and on the facts, without costs, and judgment directed to be entered dismissing the complaint on the merits, without costs. Whether plaintiff's property is suitable for a conforming use is fairly debatable. Under such circumstances the judgment of the local legislative body must be allowed to prevail. (*Shepard* v. *Village of Skaneateles*, 300 N. Y. 115, 118; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 296–297; *Kraft* v. *Village of Hastings-on-Hudson*, 258 App. Div. 1060, 1061, affd. 285 N. Y. 639.) Findings of fact inconsistent herewith are reversed and new findings will be made. Nolan, P. J., Adel and MacCrate, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to affirm the judgment, with the following memorandum: Prior to the commencement of this action plaintiff had applied for a variance of the zoning ordinance. The board of standards and appeals of the defendant city, by an evenly divided vote, denied the variance. The Special Term reversed the board and granted the variance. This court, on appeal, reversed the Special

Term and sustained the board's action in denying the variance (*Matter of Berger* v. *Board of Standards & Appeals of City of N. Y.*, 277 App. Div. 1142). Plaintiff thereupon commenced this action to declare the zoning ordinance, as applied to her property, unconstitutional. In our opinion, the proof amply justified the Special Term's findings of fact to the effect that the ordinance restrictions, when applied to plaintiff's property, deprive plaintiff of any use of her property which is practicable, reasonable, and beneficial. The proof does not even present a "fairly debatable" issue as to whether the property is suitable for a conforming use. Indeed, the proof is clear and convincing, and, in our opinion any contrary finding would be against the weight of the credible evidence and contrary to the physical facts, that the ordinance, without a variance, must necessarily result in depriving plaintiff of any beneficial use of her property, without compensation; and hence, the ordinance, as applied to this plaintiff's property, is confiscatory in its operation and unconstitutional. (Cf. *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222; *Rockdale Constr. Corp.* v. *Incorporated Vil. of Cedarhurst*, 275 App. Div. 1043, affd. 301 N. Y. 519; *Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347, 352; and *Vernon Park Realty* v. *City of Mount Vernon*, 282 App. Div. 890, motion for leave to appeal denied, 306 N. Y. 746.) Settle order on notice.