G. Robert Witmer, J.
Plaintiffs, as owners of a 40-acre parcel of land bounded in part by French Road and Monroe Avenue in the defendant Town of Pittsford, have instituted this action for declaratory judgment for a determination that the Zoning Ordinance of the defendant town is unconstitutional as applied to plaintiffs ’ said property.
Under the said ordinance plaintiffs’ property has been placed in a “ Residence A ” district. Plaintiffs allege that their property is totally unfit for residential use, that it is suited only for business uses, and that the said zoning restrictions are arbitrary, discriminatory and amount to a taking of plaintiffs’ property without due process of law, and hence that the ordinance is unconstitutional as to plaintiffs’ said property.
Pursuant to section 322 of the Civil Practice Act defendant served a demand upon the plaintiffs for admission of facts, which was not answered by plaintiffs; and hence the facts contained in the demand are deemed true for the purposes of this motion. Pending such demand Pittsford Plaza, Inc., moved for permission to intervene as a party plaintiff, and that motion was granted. Intervenor adopted plaintiffs ’ complaint. Based upon the facts admitted by virtue of the aforesaid demand, defendant moved herein under rule 113 of the Rules of Civil Practice for summary judgment dismissing the complaint.
*474 The admitted facts are that before instituting this action plaintiffs entered into a contract with Daymo Realty Co., Inc., to sell such property to the latter for the sum of $350,000. The contract was in the nature of an option to Daymo to purchase, which would become a binding contract to purchase in the event the premises were rezoned for commercial use; but it also gave Daymo the right to take the property for said price even though it were not rezoned. It is conceded that after the execution of such contract Daymo Realty Co., Inc., requested the defendant Town of Pittsford to rezone the property; that defendant held a public hearing upon the application and thereafter declined to change the zoning provisions with respect to this property. It is also conceded that Daymo Realty Co., Inc., thereafter duly assigned said contract to intervenor.
Subsequently plaintiffs entered into a contract with Emil Muller Construction Co., Inc., to sell said premises to it for the sum of $350,000 whether or not they were rezoned, subject only to the contract of Daymo Realty Co., Inc. Thus if plaintiffs do not sell their property under their first contract with Daymo for the sum of $350,000, they are bound to sell it for the same price under their second contract above mentioned.
It is the position of the defendant on this motion that the plaintiffs have no interest in this matter, that under their two contracts they are entitled to receive $350,000 for their property and nothing more, regardless of the validity of the Zoning Ordinance, and hence that they have no standing in this action for judgment declaring the ordinance unconstitutional. That position, it seems to me, is sound, and I grant the motion to dismiss the complaint of the original plaintiffs. (Bull v. Stichman, 189 Misc. 597 [Williams, J.], affd. 273 App. Div. 311, affd. 298 N. Y. 516; Massachusetts v. Mellon, 262 U. S. 447.) This dismissal is granted without prejudice to the right of the plaintiffs to institute a new action for such declaratory judgment should it later develop that said contracts “ fall through ”, and plaintiffs regain an interest in the zoning question.
Intervenor, it seems to me, stands on a different footing. It and its assignor, it must be assumed on this motion, acted in good faith and with no ulterior motive. Although, as defendant contends, intervenor is not bound to take the property and may escape loss under its contract (except for the expenses incurred in obtaining it and seeking to carry through on it), it has, under the contract, a right to acquire the property and gain the fruits of its bargain. Knowledge by intervenor that the ordinance forbids a desired use “ cannot validate an otherwise invalid Ordinance,” Cases involving article 78 proceedings by an
*475 “ aggrieved person ” are inapposite. Intervenor has a direct property interest in the question of the validity of the ordinance and may properly maintain this action. (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 499-501; Union Free School Dist. No. 14 of Town of Hempstead v. Village of Hewlett Bay Park, 198 Misc. 932, affd. 278 App. Div. 706.)
The motion to dismiss the complaint as against the intervenor is, therefore, denied.
Submit order accordingly.