Daniel J. McAvoy, J.
The plaintiffs move for a summary judgment, in this action for a declaratory judgment, striking out the amended answer of the defendant and for affirmative relief declaring (1) that the alleged Zoning Ordinance of the defendant Town of Owego, adopted on May 22, 1956, is unconstitutional and void upon the ground that the same was never duly enacted in conformity with law and specifically in compliance with section 264 of the Town Law; and (2) restraining the defendant from taking any proceedings against the plaintiffs of a civil or criminal nature based on the alleged ordinance. The plaintiffs also move to strike out certain affirmative defenses contained in defendant’s amended answer, as insufficient in law.
Plaintiffs own certain premises in the defendant town which they wish to convert from residential to commercial uses. They are now prohibited from so doing by reason of the provisions of the alleged ordinance in question.
The main point of plaintiffs’ attack upon the validity of the ordinance is that the town failed to comply with the procedural steps in its enactment, as required by section 264 of the Town Law — in that it did not enter in the minutes of the Town Board the so-called “ Zoning Map, Town of Owego,” referred to in the Zoning Ordinance.
Section 264 of the Town Law provides, insofar as the same is pertinent here, as follows: ‘ ‘ Every zoning ordinance * * * (including any map incorporated therein) adopted pursuant to the provisions of this chapter shall be entered in the minutes of the town board.” (Italics supplied.)
It is clear here that the zoning map was incorporated in the Zoning Ordinance by reference thereto in the resolution of the Town Board upon adoption of the same, and by section 301 of the ordinance which provides as follows:
“ Section 301. Districts.
“ For the purposes of this ordinance the Town of Owego is hereby divided into the following types of district's;
*698 “ R-A — -Residential Districts, R-B — Residential Districts, R-C — Residential Districts, A — Agricultural Districts, B — Business Districts, I — Industrial Districts.
“ Said districts are shown, defined and bounded on a map entitled ‘ Zoning Map, Town of Owego ’ adopted May 22nd, 1956, and certified by the Town Clerk, which accompanies and which, with all explanatory matter thereon, is hereby made a part of this ordinance. (Various amendments adopted at times hereinafter stated amending the ‘ Zoning Map, Town of Owego ’ adopted May 22, 1956.) ”
While the ordinance itself was entered in the minutes of the Town Board, it is undisputed that the map itself was not. It was neither affixed to the minute book nor was they any reference in such book or in the ordinance itself (see § 301), as to where such map was filed or where it might be located.
As pointed out by Conway, J., in his dissenting opinion in the case of Rodgers v. Village of Tarrytown (302 N. Y. 115, 128) — “ The key to any zoning ordinance is the map showing the boundaries of the areas affected.”
It has been long established that the statutory language such as is here involved is mandatory and not merely permissive or directory, and the procedural and other provisions of the act must be strictly followed in the enactment of the ordinance. (See Matter of Longo v. Eilers, 196 Misc. 909, 911 and cases cited.)
In the frequently cited case of Merritt v. Village of Portchester (71 N. Y. 309, 312) the court said: “ That which the Legislature has directed, courts cannot declare immaterial”; and further: ‘ ‘ the statute must be strictly pursued, and any departure, in substance, from the formula prescribed by law vitiates the proceedings. The party whose property is to be reached may insist upon the observance of every form prescribed by statute which will in the least tend to his protection. In other words, the form must be strictly followed. ’ ’
Here, if the minutes of the Town Board or the provisions of the Zoning Ordinance entered therein referred to where the zoning map was filed (such as in the office of the Town Clerk), or where it might be found, this court would have no difficulty in holding that such reference was sufficient identification under the authority of Village of Northport v. Walsh (241 App. Div. 683, affd. 265 N. Y. 458) (relied upon by the defendant).
In the Northport case the trial court specifically pointed out in its opinion that: “ The reference to the zoning map and the calling of the- attention of the public and to those interested that *699 the map was filed in the office of the Clerk of the village, a public office where all papers are open to inspection, is all that may be required under the provisions of the Zoning Law.”
In Village of Williston Park v. Israel (191 Misc. 6, affd. 276 App. Div. 968, affd. 301 N. Y. 713) the trial court, Bosley, J., pointed out this distinguishing feature when it stated at page 9 as follows: “ There [Northport case] the ordinance recited that the map which was made a part of the ordinance was on file in the office of the clerk of the village. * * * There was no such statement in the zoning ordinance of the village of Williston Park as published, which is sufficient to distinguish the Northport case from the case at bar.”
For this and other reasons — including the failure of the ordinance to otherwise describe in its text the use districts attempted to be created — the ordinance was declared null and void.
In the case at bar the use districts were not described in the text of the ordinance so therefore, a reference to the place of filing of the zoning map which purported to describe or delineate such districts, was a vital requisite.
The Town Clerk in his affidavit filed in opposition to plaintiffs’ motion, states that he kept the official zoning map in his possession as Town Clerk from the time he received it until the present time, and that it was either on the easel in his office or on the Avail daily since its adoption. This, however falls short of complying with the mandatory provisions of the statute and the construction placed upon it by the authorities hereinabove cited.
The fact that plaintiffs had knowledge of the existence of the ordinance when they purchased the premises, or brought proceedings for an amendment thereof or a variance, does not preclude them from maintaining this action to contest its validity. (See Vernon Park Realty v. City of Mount Vernon, 282 App. Div. 890, affd. 307 N. Y. 493; Plymouth Bldrs. v. Village of Lindenhurst, 284 App. Div. 895.)
Therefore, because of defendant’s failure to comply with the provisions of the statute (Town Law, § 264) in the manner and respects hereinabove set forth, and there being no triable issue of fact presented on this motion, the ordinance in question must be declared null and void and plaintiffs’ motion for summary judgment granted.
In vieAv of the foregoing determination, it is not necessary for the court to pass upon that part of plaintiffs’ motion directed to the sufficiency of the defenses contained in defendant’s amended answer.
Judgment may be entered in accordance herewith.