■ LONG ISLAND RAIL ROAD COMPANY, Respondent, and HELEN BORN, as Administratrix of the Estate of JOHN J. HAGERMANN, Deceased, Appellant, v. MARTINEK TRUCKING CORPORATION, Appellant, and LONG ISLAND RAIL ROAD COMPANY, Respondent.— No opinion. Beldock, Ughetta and Christ, JJ., concur; Pette, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In my opinion, the testimony of the administratrix' witness Cobb that he did not hear the train whistle sounded for the crossing and that he would have heard it if it had been sounded, coupled with the testimony of the locomotive engineer, an interested witness called by the administratrix, that he sounded the whistle for the crossing, presented a question of fact which should have been determined by the jury and not by the court (cf. *Flynn* v.

*Long Is. R. R. Co.,* 289 N. Y. 283, 286; *Ferris* v. *Erie R. R. Co.,* 275 App. Div. 771; *Hiscock* v. *Long Is. R. R. Co.,* 280 App. Div. 809; *Culhane* v. *New York Cent. & Hudson Riv. R. R. Co.,* 60 N. Y. 133, 137; *Latourelle* v. *New York Cent. R. R. Co.,* 301 N. Y. 103, 107–108; *George* v. *Long Is. R. R. Co.,* 273 App. Div. 787, affd. 297 N. Y. 934; *Mitchell* v. *Smucker,* 281 App. Div. 988). Nor may the dismissal of the administratrix' complaint and the Trucking Corporation's counterclaim be sustained on the basis of contributory negligence. In my opinion the evidence is insufficient to establish that the deceased was contributorily negligent as a matter of law (see: *Flynn* v. *Long Is. R. R. Co., supra; Chamberlain* v. *Lehigh Val. R. R. Co.,* 238 N. Y. 233, 235). The exhibits show that a nearby station building obstructed the view to the east of one approaching the crossing from the south (cf. *Massoth* v. *Delaware & Hudson Canal Co.,* 64 N. Y. 524, 529–531). Under the circumstances here, whether the deceased's failure, if any, to stop at the stop sign contributed to the happening of the accident was for the jury to say (*Tedla* v. *Ellman,* 280 N. Y. 124, 134). Nolan, P. J., concurs with Pette, J.