Harold E. Koreman, J.
The petitioner in this article 78 CPLR proceeding seeks an order reversing and setting aside the determinations of the respondents establishing rules and criteria for eligibility for medical assistance under the law entitled “ Medical Assistance for Needy Persons ” (L. 1966, chs. 256, 257).
By a motion, returnable at the same time as the main proceeding, petitioner seeks to add two persons as party petitioners on grounds that they should be joined if complete relief is to be accorded and unnecessary litigation avoided.
The respondents have moved to dismiss the petition upon the grounds that the petitioner lacks the legal capacity to maintain this proceeding, and that the petition fails to state facts sufficient to entitle petitioner to the relief requested or to any relief. The respondents also oppose the motion to add party petitioners.
In paragraph 8 of the petition, it is alleged: ‘ ‘ That your petitioner stands aggrieved by the administrative act, not only as a general taxpaying citizen of New York State, but also as a *481 man who runs his own business in this state; that if this program is allowed, a tremendous tax burden will be placed on both individuals and businesses in New York State and your petitioner frankly believes said burden, as hereinafter set forth, will force him to move his business elsewhere.”
The thrust of petitioner’s allegations is that the rules and criteria adopted by the respondents do not constitute, as mandated by chapter 256, medical assistance for needy persons, but are instead “ the compilation of a free public health program for certain income groups, not joined, as the statute mandated, to need ” and that the legislation “ was never designed to provide a full-scale medical program for all, including that part of the middle class which could provide needed medical attention for themselves.”
It is clear that petitioner has not alleged any present special grievance, damages or injury to himself personally and privately. Neither has he set forth with any particularity, the specifies of the claimed invalidity or the lack of any reasonable basis for the adoption of the rules or criteria.
Having failed to allege a present personal grievance the petitioner lacks standing to maintain this proceeding (St. Clair v. Yonkers Raceway, 13 N Y 2d 72; Matter of Donohue v. Cornelius, 17 N Y 2d 390). His argument that the proceeding should nevertheless be entertained because it involves a question of great importance is of no avail because of the language used by the Court of Appeals in St. Clair v. Yonkers Raceway (supra). In referring to the decision of that court in Bull v. Stichman, (298 N. Y. 516, affg. 273 App. Div. 311) Judge Burke wrote (p. 76): “ In the Bull case the dissent in the Appellate Division was based on the cases appellant relies upon here (Matter of Kuhn v. Curran, 294 N. Y. 207, and Heim v. McCall, 214 N. Y. 629). This court’s unanimous affirmance in spite of the dissent disposed of the theory that the rule regarding taxpayers’ cases permitted exceptions.”
That the rule enunciated in St. Clair is applicable to the petitioner herein is clear from the language used by Judge Keating in the Donohue case (p. 397): “ While it is true that St. Clair involved a challenge to a legislative act, not an executive act, and that St. Clair was a proceeding for declaratory judgment, not an article 78 proceeding, the rule of law with which we are dealing is too broad to be so easily distinguished. It is a rule of law designed to prevent the courts from giving judicial interpretations of legislative acts or executive rulings in the absence of injury or threatened injury to one’s personal rights.”
*482 The motion by petitioner to add two individuals as party-petitioners must be denied. The affidavits in support of the motion do not allege any present personal grievance to the affiants. Mr. Newton, a chartered underwriter, alleges that ‘ ‘ as part of said Medicaid Law, under Chapter 257, Section 2, subdivision (3), a limitation of life insurance in the amount of One Thousand Dollars face amount was set as an exemption in determining eligibility for coverage ”, and argues that this insurance coverage restriction will discourage persons from providing necessary insurance protection for their families and this will result in a burden upon the general public. He also alleges that the “ insurance limitation ” will cause a considerable loss of both life and health insurance business to him, as well as to all others who are part of the insurance industry. But this is a conclusory allegation and is based upon conjecture and speculation. It is not alleged, as indeed it could not in fact be, that either the statute or the rules and regulations forbid the purchase of life or health insurance.
The affidavit of Doctor Stoner not only fails to allege any present personal grievance but actually constitutes an attack upon the statutes rather than the rules and regulations which petitioner asks be annulled. While the attorney for the petitioner submitted a legal memorandum concerning the constitutionality of the statutes (L. 1966, chs. 256, 257), it is clear that the petition and notice by which this proceeding was commenced attempt to .challenge only the administrative actions taken by the respondents pursuant to the statutes. However, had the petitioner raised the question of the constitutionality of the statutes the result herein would be the same under the authority of the St. Clair case.
For the reasons stated, the petitioner’s motion to add parties is denied and the respondents’ motion to dismiss the petition is granted.